The plaintiffs entered a caveat in the Probate Court and a citation issued to defendants, who propounded the paper writing, claiming under it, to appear on 18th day of April, 1874, to show cause why the said paper writing should not be adjudged not to be the last will and testament of the said Ivy King.
On the return of the citation the plaintiffs, the caveators, filed their complaint, substantially alleging:
1. That the paper, dated 4th October, 1870, and pretended to be proved the 17th day of October, 1870, is not the last will and testament of the said Ivy King, deceased.
2. That the said Ivy King could not read, and the said paper writing was not read over to him.
3. That he was not of sound mind and memory when he signed the same.
4. That the pretended probate was made without notice to the plaintiffs, the testator's heirs and next of kin, and (5) his only heirs-at-law and distributees.
Plaintiffs demanded that the probate should be set aside, etc.
Defendants answered, denying the material allegations in the complaint, and averring that the plaintiffs had notice, and that the probate was regular and according to law.
The Probate Judge admitted the paper to probate, from whose (408) judgment the plaintiffs appealed to the Superior Court.
Upon the hearing in the Superior Court, his Honor ordered the cause to be remanded to the Probate Court, with instructions to the Judge of Probate to rescind the probate theretofore had before him; and after proper notice to the heirs-at-law, devisees and executors of said will, to cause the same to be propounded in solemn form.
From this judgment the defendants appealed.
The appeal from the judgment of the Probate Judge refusing to require the re-probate of the will took up nothing but the judgment appealed from. The original judgment of probate remained in force in the Probate Court. We think therefore his Honor was right in remanding the proceedings for re-probate to the Probate Court to be there proceeded in according to law, by the making up *Page 324 
of issues which will be transmitted to the Superior Court for trial. C. C. P., Sec. 447.
We think also that enough appears on the pleadings to justify the Judge in ordering the will to be proved in solemn form. C. C. P., Sec. 430.
PER CURIAM. Judgment below affirmed.
Cited: Randolph v. Hughes, 89 N.C. 432; Daniel v. Bellamy, 91 N.C. 81.
(409)