E. G. DANIEL, Adm'r, v. W. H. BELLAMY and others.

*Practice in Probate Court— When Court cannot take judicial notice of judgment—Pleading.*

1.  During the pendency of a special proceeding against an executor for an account, it appeared that the will of the testator ''was revoked and annulled '' by a decree of the probate court in another proceeding; *Held*, that the defendant executor must amend his answer by setting up such decree.  The granting of the defendant's motion to dismiss for want of jurisdiction was erroneous.

2.  The court in such case cannot take judicial notice of a decree rendered by it in a separate and independent action, but the party seeking advantage thereunder must plead it in a proper manner.

(*Rowland* v. *Thompson*, 64 N. C., 714; *King* v. *Kinsey*, 71 N. C., 407; *Wood* v. *Skinner*, 79 N. C., 92, cited and approved.)

SPECIAL PROCEEDING for an account, heard on appeal at January Special Term, 1884, of NEW HANOVER Superior Court, before *Gilmer, J.*

This proceeding was begun on the 7th day of July, 1878, in the probate court of New Hanover county.  It is alleged that Daniel L. Russell died in the year 1871, leaving a last will and testament, in which he appointed the defendants executors thereof; that said will was duly proved and the defendants qualified as such executors; that the plaintiffs are creditors of the testator, and this proceeding is brought by the plain-

tiffs on behalf of themselves and all other creditors of the testator who will join in it, to compel the defendants as such executors to account with them and pay their several debts respectively according to law, when they shall be duly ascertained.

The defendants, in their answer, deny that the said Daniel L. Russell died leaving any such last will and testament, and that they are executors as alleged in the complaint.

The plaintiffs made replication to the answer, averring the truth of the allegations in the complaint.

Thereupon the court of probate transferred the papers to the superior court to the end that that court might try the issues raised by the pleadings.

The superior court gave judgment for the plaintiffs, and remanded the case to the court of probate, with instructions to the clerk of the superior court to proceed according to law.

The court of probate then, at the instance of the plaintiffs, notified the defendants to appear before it on the 14th day of June, 1883, to the end, that the clerk of the court might take and state an account, &c. On that day the plaintiffs and defendants appeared accordingly. The defendants declined to account, and moved to dismiss the action, upon the ground that the court of probate had no jurisdiction over the estate of the said late Daniel L. Russell. The plaintiffs, pending that motion, moved for judgment according to the prayer of the complaint, and likewise for an attachment against the defendants for contempt in failing to account.

The court of probate then proceeded to find that the will of the said Daniel L. Russell had theretofore, but pending this action, been revoked and annulled by that court, more than six months before the plaintiffs proceeded in their motion for an account; that the plaintiffs were permitted to appear and oppose such revocation, although they were not

parties to the proceedings instituted for that purpose, and, therefore, had notice thereof more than six months before they proceeded in their motion in this action. The court further found that the plaintiff, F. D. Koonce, applied in that court to be appointed administrator of the said Daniel L. Russell, deceased, the said will having been revoked, which application was denied, because, it appeared to the court, that an administrator had been appointed by the court of probate in the county of Brunswick, where the deceased had a domicil at the time of his death. The said Koonce appealed from the judgment, denying his application, to the superior court, and his appeal is still pending in that court.

Thereupon, the court granted the motion of the defendants, and gave judgment dismissing the action, and denying the motion of plaintiffs. The plaintiffs appealed from that judgment to the superior court, and that court, at the January term, 1884, adjudged that the judgment of the probate court was erroneous, and remanded the case to the latter court with instructions to proceed to take and state an account of the administration of the defendants according to law. The defendants excepted and appealed.

*Mr. DuBrutz Cutlar*, for plaintiffs.
*Messrs. Russell & Ricaud*, for defendants.

MERRIMON, J., after stating the case. We are of opinion that both the court of probate and superior court misapprehended the proper course that ought to have been pursued in the former court, where the defendants moved to dismiss the action for want of jurisdiction.

It seems, that pending this action, the probate of the will of the testator of the defendants was "revoked and annulled" by the court of probate, and the defendants desired to avail themselves of the action of the court in that res-

pect. In order to do this, they ought to have made a motion for leave to amend their answer and plead, that pending the action the probate of the supposed will had been revoked and they discharged accordingly, and such other matters as they might have the right to set forth in the answer. If the court had allowed this amendment, as ordinarily it ought to do, the plaintiffs ought in such case to have been allowed to demur, or reply to the amended answer, if they had so desired. Then, if issues of law or fact, or both, had been raised by the amended pleadings, the same should have been transferred or taken by appeal to the superior court for trial at the next succeeding term thereof as directed by THE CODE, § 116. *Rowland* v. *Thompson*, 64 N. C., 714; *King* v. *Kinsey*, 71 N. C., 407; *Wood* v. *Skinner*, 79 N. C, 92.

The court of probate erred in supposing that because the probate of the will had been revoked in that court, it could take judicial notice of and act upon such revocation in the absence of any pleading on the part of the defendants, setting it up as a defence. The revocation of the probate of the will was done in a proceeding in no way connected with this action, however much it might affect it when properly pleaded. The court must not only have knowledge of a defence a party might make, but it must have knowledge of it well pleaded. The defendants, in order to avail themselves of the revocation, could only do so by properly pleading it, just as they would any other defence they might have the right to make. It might be that the plaintiffs would deny the revocation of the will, or its validity. They might desire to demur or reply to the amended answer. This they could not do, upon a mere suggestion of a defence upon the part of the defendants, of which the court happened to have personal knowledge, obtained through another action or proceeding in the same court. The plaintiffs might desire and have the right to raise issues of fact

6

that the court of probate could not try, because the statute, (THE CODE, §116,) provides that such questions shall be tried in the superior court. And questions of law should be presented in an orderly way, so that either party might appeal from the decision of them to the superior court. No question of jurisdiction appeared upon the face of the pleadings, and the defendants could not raise it by mere suggestions, but only by an amended answer.

So much of the judgment of the superior court as reversed the judgment of the court of probate was correct, but so much of it as directed that court to proceed to take and state an account of the administration of the defendants was erroneous. The order ought to have directed such account to be taken, unless the court should, upon application of defendants, for proper cause shown, allow them to amend their answer and set up the alleged revocation of the probate of the will, &c., and the judgment of the superior court must be so modified.

Let this opinion be certified to the superior court to the end its judgment may be modified in conformity thereto, and the case thence remanded to the court of probate. It is so ordered.

Error.                                        Modified.