STATE v. JAMES McMILLIAM (McMILLER).

(Filed 18 April, 1956.)

**1. Criminal Law § 77b—**

An appellate court may take judicial notice of and give effect to its own records in another, but interrelated, proceeding, particularly where the issues and parties are the same, or practically the same, and the interrelated case is specifically referred to in the case on appeal in the case under consideration. ·

**2. Same—**

Where the case on appeal from order activating a suspended judgment specifically states that the judge's finding of breach of condition was based upon evidence in a companion case and that the evidence in the companion case was omitted to avoid repetition, and both cases are argued at the same time, the Supreme Court may consider the record evidence in the companion case in deciding the appeal.

**3. Criminal Law § 78d (1)—**

Where ruling on defendant's motion to suppress the State's evidence on the ground that it was obtained without valid search warrant is erroneously deferred until after the introduction of the State's evidence, the fact that defendant objected to some, but not all, of the evidence procured by the search, under the misapprehension of the court and counsel that no objections were required to be made to the introduction of the evidence in view of the motion to suppress, and it appears that the motion to suppress should have been allowed, neither the evidence objected to nor the evidence unobjected to should be considered in passing on the sufficiency of the evidence to support a finding of fact.

**4. Criminal Law §§ 62f, 81h—**

Where only incompetent evidence supports the court's finding that defendant had breached the conditions of a suspended judgment by having in his possession or on his premises intoxicating liquor, the judgment activating the suspended sentence must be vacated and the cause remanded.

APPEAL by defendant from *Fountain, Special Judge,* October Term 1955 of GREENE.

Criminal prosecution on a warrant charging the unlawful possession for the purpose of sale and the sale of non-taxpaid whiskey—heard on a motion to put into effect a suspended sentence.

On 15 May 1951 the defendant was found guilty in the Recorder's Court of Greene County on both counts set forth in the warrant above mentioned. The warrant charges the offenses to have been committed on 21 April 1951. Judgment of the court on the first count: imprisonment for two years; no commitment to issue, provided, the defendant pay a $100.00 fine and the costs, and does not have in his possession, or on the premises occupied by him, any intoxicating liquor, and does not violate any of the laws of the State for five years. We have omitted the non-relevant conditions of the suspended sentence. Judgment on the second count: imprisonment for one year to run consecutively with the sentence on the first count; no commitment to issue, provided, the defendant abides by the provisions under which sentence of imprisonment on the first count is suspended.

The judgment of Judge Fountain states that this case came on to be heard before him upon the defendant's appeal from an order of 31 May 1955 in the Recorder's Court of Greene County, putting into effect a sentence which had heretofore been suspended on 15 May 1951 by the court for violation of the whiskey law, and it appears to the court that the defendant was sentenced by the Recorder's Court of Greene County on 15 May 1951 to two years in jail to be assigned to work the roads under the supervision of the State Highway and Public Works Commission, and that commitment was not to issue if the defendant paid a fine of $100.00 and the costs and upon condition that he have no intoxicating liquor in his possession for five years. Judge Fountain found as a fact in his judgment that the defendant on 12 May 1955 did have in his possession in his dwelling at least one quart of non-taxpaid whiskey; and the judge further found as a fact that at the same term of the Superior Court the defendant was convicted by a jury of the unlawful possession of non-taxpaid whiskey, and did unlawfully possess such non-taxpaid whiskey. Whereupon Judge Fountain adjudged that the defendant had violated the terms of the suspended sentence imposed in the Recorder's Court of Greene County on 15 May 1951, and put into effect the two-year suspended sentence on the first count in the warrant, and suspended the motion for judgment on the second count.

The judgment of the judge of the Recorder's Court putting the suspended sentence into effect has not been brought forward, nor have the appeal entries to such judgment.

The case on appeal was agreed to by counsel for the defendant and the solicitor for the State. This appears in the case on appeal: "This was a criminal action tried in the County Court of Greene County, before Honorable Walter G. Sheppard, on May 15, 1951, resulting in a verdict of Guilty and the sentence or judgment as hereinbefore set out. On May 31, 1955, an order was entered by the Recorder invoking

the sentence entered on May 15, 1951, and putting the same into effect. The defendant appealed from the order of the Recorder entered on May 31, 1955, to the Superior Court of Greene County." This also appears in the case on appeal: "STATE's EVIDENCE OMITTED. The judgment as appears in the record imposing and putting into effect the terms of the suspended sentence of the Recorder's Court was based by Judge Fountain upon the evidence in the case of STATE v. JAMES McMILLIAM and BETTIE LEE McMILLIAM, the companion case to this one, and being No. 1080 in the Superior Court of Greene County. Therefore, we tried to avoid repetition by omitting the evidence from this case." The case referred to was argued before us the same day as the instant case: in fact they were argued together.

The defendant appeals, assigning error.

*William B. Rodman, Jr., Attorney General, and T. W. Bruton, Assistant Attorney General, for the State.*

*C. W. Beaman for Defendant, Appellant.*

PARKER, J. Although the defendant was convicted of two misdemeanors for which on each count the punishment could not exceed two years, the Recorder's Court had authority to suspend the judgment on the first count for five years. G.S. 15-200; *S. v. Wilson,* 216 N.C. 130, 4 S.E. 2d 440; *S. v. Gibson,* 233 N.C. 691, 698, 65 S.E. 2d 508; *S. v. McBride,* 240 N.C. 619, 83 S.E. 2d 488.

Ordinarily, a court, in deciding one case, will not take judicial notice of what may appear from its own records in another and distinct case, unless made part of the case under consideration, even though between the same parties or privies and in relation to the same subject matter. *Com. ex rel. Ferguson v. Ball,* 277 Pa. 301, 121 A. 191, 29 A.L.R. 626; *James v. Unknown Trustees, Etc.,* 203 Okla. 312, 220 P. 2d 831, 20 A.L.R. 2d 1077; *Murphy v. Citizens' Bank,* 82 Ark. 131, 100 S.W. 894, 12 Ann. Cas. 535, 11 L.R.A. (N.S.) 616; 20 Am. Jur., Evidence, sec. 87; 31 C.J.S., Evidence, sec. 50(c).

It was held in *Daniel v. Bellamy,* 91 N.C. 78, that in a proceeding against executors for an account that a Probate Court could not take judicial notice of the fact that the probate of the will naming defendants as executors had been revoked in another proceeding in the same court.

This is far from saying that an appellate court may not take judicial notice of, and give effect to its own records in another, but interrelated, proceeding, particularly where the issues and parties are the same, or practically the same, and the interrelated case is specifically referred to in the case on appeal in the case under consideration. *U. S. v. Pink,*

315 U.S. 203, 216, 86 L. Ed. 796, 810; *Dimmick v. Tompkins,* 194 U.S. 540, 48 L. Ed. 1110; *Bienville Water Supply Co. v. Mobile,* 186 U.S. 212, 46 L. Ed. 1132; *Freshman v. Atkins,* 269 U.S. 121, 124, 70 L. Ed. 193, 195; *West v. L. Bromm Baking Co.,* 166 Va. 530, 186 S.E. 291; 31 C.J.S., Evidence, pp. 625-626.

The case on appeal specifically states that Judge Fountain's judgment was based upon the evidence in the case of *S. v. James McMilliam and Bettie Lee McMilliam,* "the companion case to this one." The case of *S. v. James and Bettie Lee McMilliam* was argued before us on the same day as the instant case by the same counsel, and is before us for decision. The evidence in this case, according to the case on appeal, was omitted to avoid repetition, and no doubt to save costs for the appellants. The evidence in *S. v. James and Bettie Lee McMilliam* is before us in that case, and it seems clear that it was the plain intent of the counsel for the defense and the trial solicitor to make the evidence in that case a part of this case. We know of no reason why we should not take judicial notice of, and consider in the instant case the evidence in the interrelated case.

The evidence in the case of *State v. James and Bettie Lee McMilliam* shows the following. Upon the calling of the case for trial, and before pleading to the indictment, the defendants made a motion to suppress the State's evidence, for the reason that the State's evidence was procured by an unlawful search warrant, or secured without a search warrant, and was, therefore, incompetent as evidence. The court stated that it would reserve its ruling upon the motion, until after the State rested its case. Whereupon, the defendants entered pleas of Not Guilty.

After the jury was impanelled the State, without producing in court a valid warrant to search the home and premises of James and Bettie Lee McMilliam, offered evidence as to what was found by the search. Some of this evidence was objected to by the defendants: some was not.

When the State closed its case, the court denied the defendants' motion to suppress the State's evidence, and the defendants excepted.

The State's evidence admitted over objection was clearly incompetent, as held in *S. v. James and Bettie Lee McMilliam, ante,* 771, 92 S.E. 2d 202.

When the court denied the defendant's motion to suppress the State's evidence, there is nothing to indicate that he did so, because some of the State's evidence was not objected to. It would seem that the court acted under a misapprehension of law that when Lane testified he had a search warrant issued by a Justice of the Peace in the county, it did not have to be produced in court, and nothing else appearing, the evidence obtained by the search was competent. Apparently, the defendants' counsel, having challenged all the State's evidence by his motion to

suppress, and by reason of the court's reserving its ruling upon his motion to suppress, did not consider it necessary to object to each question asked by the prosecuting attorney on the ground of an unlawful search, and apparently, the court was of the same opinion by its rulings. Upon objection all of the State's evidence obtained by the search should have been excluded, because no valid search warrant was produced in court. Because of the misapprehension of the court and defendants' counsel that no objections were required to be made, this unobjected to evidence should not be considered on the question as to whether the defendant had wilfully violated the conditions of his suspended sentence. Excluding this evidence and the evidence objected to, there is no competent evidence to support the court's findings of fact that the defendant had wilfully breached the conditions of his suspended sentence.

The judgment putting the suspended sentence into effect will be vacated, and the case will be remanded for further proceedings. In the further proceedings it can be determined as to whether or not the officers had a valid warrant to search defendant's home, and, if so, whether or not evidence was found by the search showing that the defendant had wilfully violated any conditions of his suspended sentence.

Reversed and remanded.