STATE v. FLOYD WILLIAM MORTON.

(Filed 4 May, 1960.)

**1. Criminal Law § 136—**

Where sentence for wilful failure to provide adequate support for defendant's wife and children is suspended on condition that defendant pay a stipulated sum per week for their support, and the sum is later increased for change of condition, the wilful failure of defendant thereafter to pay any amount warrants the revocation of suspension regardless of whether the wilful failure to pay the increased amount was made a condition of suspension, since upon the facts defendant has breached the original condition as well as the later one.

**2. Same—**

Upon a hearing of whether defendant wilfully breached a condition of suspension of sentence, the court is not bound by strict rules of evidence.

**3. Same—**

On an appeal from an order of an inferior court revoking a suspension of sentence, the Superior Court properly hears the matter *de novo* for the purpose of determining the sole question whether defendant had violated the condition of suspension without lawful excuse, and the Superior Court determines this question in its sound discretion and its order of revocation will not be disturbed when the evidence is sufficient to support it.

APPEAL by defendant from *Preyer, J.,* October 1959 Criminal Term, of GUILFORD (Greensboro Division).

Defendant was tried on 9 June 1958 in the Domestic Relations Court of Guilford County (Greensboro Division) on a warrant which charged wilful failure to provide adequate support for his wife and children. (G.S. 14-325). Verdict: Guilty. A prison sentence of 6 months was suspended for 5 years on condition defendant pay $25.00 per week for support of his family and pay other family expenses. The judgment contained a provision for modifying the *sentence* upon change of circumstances. On 17 April 1959, after hearing, the weekly payment for support was increased to $45.00. After 22 April 1959 defendant made no further payments. On 2 October 1959 he was brought into court on a capias and, after a hearing, his prison sentence was put into effect. He appealed to Superior Court.

The Superior Court heard evidence and found as a fact that defendant had "made no payment since April 22, 1959," was in arrears in the amount of $1080.00, and his failure to make payments was wilful. The court ordered that defendant serve the prison sentence. Defendant appealed to Supreme Court.

*Attorney General Bruton and Assistant Attorney General Hooper for the State.*
*George A. Younce for the defendant, appellant.*

PER CURIAM. Defendant challenges the authority of the court to activate the prison sentence for his failure to pay the increased weekly amount. He contends that the prison sentence was suspended on condition he pay $25.00 per week, that the amount was thereafter raised to $45.00, and that this modified amount was not such condition that breach thereof would justify activation of the sentence. However, the facts are such that we need not discuss this question. The court found as a fact that he had paid nothing after April 22, 1959. He was therefore in violation of the original condition as well as the one later imposed.

Defendant excepted to the admission and exclusion of evidence. The court was not bound by strict rules of evidence. Strong: N. C. Index, Criminal Law, sec. 136, Vol. 1, p. 819. The matter was heard *de novo* in Superior Court solely upon the question of whether there had been a violation of the condition without lawful excuse. *State v. Robinson,* 248 N.C. 282, 103 S.E. 2d 376. This question is determined by the Court in its sound discretion. *State v. Marsh,* 225 N.C. 648, 36 S.E. 2d 244.

A careful review of the record indicates that the competent evidence heard by the judge was sufficient to support his findings of fact and that the findings of fact adequately support the judgment. *State v. McKinney,* 251 N.C. 346, 111 S.E. 2d 189.

The judgment below is
Affirmed.