STATE OF NORTH CAROLINA v. MILES G. SAWYER III

No. 7115SC177

(Filed 31 March 1971)

1. **Criminal Law §§ 143, 145.1— revocation of probation — fair hearing**

    Contention of defendant that the revocation of his probation should be set aside on grounds that (1) the probation officer was allowed to testify that when he went to defendant's residence he "was informed" that defendant no longer lived there and that he "received information" defendant was living with a juvenile, (2) the court expressed an opinion on defendant's credibility as a witness by stating, "It is difficult for me to believe that a Probation Officer would state or make such remarks to a probationer," and (3) his motion to suppress all the evidence on the ground that his arrest was illegal should have been allowed by the trial court, *held* without merit.

2. **Criminal Law §§ 143, 145.1— probation revocation**

    Where the trial court found that defendant wilfully violated conditions of his probation, it was not necessary that the court also find that such violations were "without lawful excuse" in order to revoke defendant's probation.

APPEAL by defendant from *Canaday, Superior Court Judge,* 12 October 1970 Criminal Session, Superior Court of ALAMANCE County.

Defendant was arrested on 20 September 1970 on a warrant charging him with violation of probation.

From an order entered revoking probation and ordering his two-year sentence into immediate effect, defendant appeals.

*Attorney General Morgan by Staff Attorney Eatman for the State.*

*Robert L. Harris for defendant appellant.*

State v. Sawyer

MORRIS, Judge.

[1] Defendant assigns as error the court's allowing the probation officer to testify that when he went to defendant's residence he "was informed" that defendant no longer lived there, and that he "received information" that defendant was living with a juvenile. He also contends that the court expressed an opinion as to the credibility of probationer before the conclusion of the hearing. At the conclusion of defendant's testimony, the court stated "It is difficult for me to believe that a Probation Officer would state or make such remarks to a probationer."

During the course of the trial, defendant moved to suppress all evidence on the ground that the arrest was illegal. In support of his assignment of error to the court's continuing with the hearing he argues that the warrant did not specify what condition had been violated, that defendant was arrested and a copy of the order of arrest given to defendant on 20 September, report filed and a copy given to defendant on 14 October, and hearing had on 16 October. Defendant did not request any further bill of particulars nor ask for a continuance. Certainly he was familiar with the conditions of his probation.

In *State v. Hewett*, 270 N.C. 348, 353, 154 S.E. 2d 476 (1967), Chief Justice Parker clearly set out the requirements to be met in the conduct of a proceeding to revoke probation:

"A proceeding to revoke probation is not a criminal prosecution, and we have no statute in this State requiring a formal trial in such a proceeding. Proceedings to revoke probation are often regarded as informal or summary. The courts of this State recognize the principle that a defendant on probation or a defendant under a suspended sentence, before any sentence of imprisonment is put into effect and activated, shall be given notice in writing of the hearing in apt time and an opportunity to be heard. *S. v. Duncan*, 270 N.C. 241, 154 S.E. 2d 53, and cases cited. Upon a hearing of this character, the court is not bound by strict rules of evidence, and the alleged violation of a valid condition of probation need not be proven beyond a reasonable doubt. *S. v. Robinson, supra; S. v. Morton*, 252 N.C. 482, 114 S.E. 2d 115; *S. v. Brown*, 253 N.C. 195, 116 S.E. 2d 349; Supplement to 1 Strong's N.C. Index, Criminal Law, § 136.

All that is required in a hearing of this character is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended. Judicial discretion implies conscientious judgment, not arbitrary or willful action. It takes account of the law and the particular circumstances of the case, and 'is directed by the reason and conscience of the judge to a just result.' *S. v. Duncan, supra; Langnes v. Green,* 282 U.S. 531, 541, 75 L. Ed. 520, 526; *S. v. Robinson, supra; S. v. Morton, supra; S. v. Brown, supra.*"

A careful study of the record assures us that these requirements were met in this case. We note also that defendant testified on direct examination "I changed my place of residence without the permission of the probationer *(sic)* officer. . . . I am not currently up in my Court payments. I am behind because my wife and I are separated, and I have to pay her $45 for child support. I have three children, and I just don't have enough money for Court." These statements constitute admissions of violation of two of the conditions of probation.

[2]   Defendant also assigns as error the court's denial of motion to arrest execution of sentence on the grounds that there was insufficient competent evidence to support a finding that defendant had violated conditions of probation and argues that even if there were, the court failed to find that the violations were without lawful excuse. Obviously defendant's own evidence is sufficient upon which to base a finding that defendant had violated the conditions of his probation. In the order revoking probation, the court found "that the defendant has wilfully violated the terms and conditions of Probation Judgment as hereinafter set out." This is sufficient to support the activation of the sentence. "All that is required in a hearing of this character is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant *has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended."* (Emphasis ours.) *State v. Hewett, supra,* at 353; *State v. Butcher,* 10 N.C. App. 93, 177 S.E. 2d 924 (1971).

We have carefully reviewed all of defendant's assignments of error and conclude that no prejudicial error has been made to appear.

No error.

Judges BROCK and VAUGHN concur.