STATE OF NORTH CAROLINA v. SALLY P. BRYANT

No. 7126SC241

(Filed 28 April 1971)

**Criminal Law § 143— revocation of probation — sufficiency of grounds**

Revocation of defendant's probation on the grounds that she had failed to report to her probation officer and that she had been convicted of shoplifting during the probation, *held* lawful.

APPEAL by defendant from *Copeland, S.J.,* 16 November 1970 Regular Schedule "C" Session, MECKLENBURG Superior Court.

The record reveals that in March 1968 defendant pleaded guilty to the crime of possession of narcotics and was sentenced to prison for a period of not less than three years nor more than five years; the prison sentence was suspended and defendant placed on probation, two of the conditions of probation being (1) that defendant report to her probation officer as directed, and (2) that she violate no penal law of any state or of the Federal Government.

Following a hearing on a motion by the Probation Department that defendant's probation be revoked and her prison sentence activated, Judge Copeland found as a fact (1) that defendant failed to report to her probation officer as directed on 20 and 24 September 1968, and on 2 October 1968; and (2) that on or about 13 September 1968 in the City of Norfolk, Virginia, defendant was convicted of the crime of shoplifting.

State v. Motley

From an order and judgment revoking her probation and activating the prison sentence, defendant appealed.

*Attorney General Robert Morgan by Deputy Attorney General Ralph Moody for the State.*

*Charles V. Bell for defendant appellant.*

BRITT, Judge.

The findings of Judge Copeland that defendant had violated the conditions of her probation are fully supported by the evidence. In fact, at the hearing defendant testified and admitted that she failed to report to her probation officer as instructed and that she was convicted of shoplifting after being placed on probation. The findings of fact fully support the order and judgment and no abuse of the court's discretion is shown. Judge Copeland acted in conformity with established procedure. *State v. Duncan,* 270 N.C. 241, 154 S.E. 2d 53 (1967) ; *State v. Hewett,* 270 N.C. 348, 154 S.E. 2d 476 (1967).

The judgment appealed from is

Affirmed.

Judges CAMPBELL and GRAHAM concur.