STATE OF NORTH CAROLINA v. VERNELL PRATT

No. 7419SC363

(Filed 15 May 1974)

Criminal Law § 145.1— revocation of probation — hearsay evidence
The trial court erred in revoking defendant's probation for changing her place of residence without the written consent of her probation

State v. Pratt

officer where the competent evidence before the court showed only that on eight or ten occasions defendant was not found at the place that was supposed to be her residence, and the evidence which tended to show that she had established her residence elsewhere was hearsay.

APPEAL by defendant from *Seay, Judge,* 22 October 1973 Session of Superior Court held in MONTGOMERY County.

Defendant appeals from an order revoking her probation and activating a prison sentence. The record reveals:

At the 8 October 1969 Session of Superior Court held in Montgomery County, defendant pleaded guilty to the violation of a prohibition law. The court entered judgment imposing an 18 months prison sentence, suspended on condition defendant be placed on probation for five years. The terms of probation included a provision that defendant "Remain within a specified area and shall not change place of residence without written consent of the probation officer."

On 22 October 1973, Probation Officer Sandra Pugh reported to the court, in writing, that defendant had willfully and without lawful excuse violated the terms of her probationary judgment in the following respect:

"That on or about September 1, 1972, subject left her residence at Route 1, Box 1-F, Candor, N. C. and changed her place of residence to an unknown address without securing the written consent of the probation officer in violation of the condition of probation that she shall 'Remain within a specified area and shall not change place of residence without the written consent of the probation officer.' "

Following proper notice, the court conducted a hearing after which it entered an order finding as a fact that defendant had willfully violated the conditions of her probation by changing her address without securing the written consent of the probation officer and, in its discretion, revoked defendant's probation and activated the prison sentence. Defendant appealed.

*Attorney General Robert Morgan, by Associate Attorney Kenneth B. Oettinger, for the State.*

*Smith & Thigpen, by Dock G. Smith, Jr., and Frank C. Thigpen, for defendant appellant.*

State v. Pratt

BRITT, Judge.

Defendant contends that the finding of fact upon which the court revoked her probation was not supported by sufficient evidence. We agree with the contention.

Many cases involving the revocation of suspended sentences and probation judgments have found their way to the appellate courts of this State. A review of a representative number of those cases leads us to conclude that an accurate statement of the law on the question of revocation of probation is as follows: A proceeding to revoke probation is not a criminal prosecution but is a proceeding solely for the determination by the court whether there has been a violation of a valid condition of probation so as to warrant putting into effect a sentence theretofore entered; and while notice in writing to defendant, and an opportunity for him to be heard, are necessary, the court is not bound by strict rules of evidence, and all that is required is that there be competent evidence reasonably sufficient to satisfy the judge in the exercise of a sound judicial discretion that the defendant had, without lawful excuse, willfully violated a valid condition of probation. *State v. Hewett,* 270 N.C. 348, 154 S.E. 2d 476 (1967); *State v. Morton,* 252 N.C. 482, 114 S.E. 2d 115 (1960); *State v. McMilliam,* 243 N.C. 775, 92 S.E. 2d 205 (1956); *State v. Sawyer,* 10 N.C. App. 723, 179 S.E. 2d 898 (1971).

In the case at bar, there was no *competent* evidence that defendant had changed her address in violation of a provision of her probation. The probation officer testified that she saw defendant at Route 1, Box 1-F, Candor, N. C., through June of 1972; that she went to that address several times subsequent to that date but failed to find defendant; that some two or three months prior to the hearing, she was advised that defendant was in Moore County "running a club where they were selling liquor"; and, that "I don't know whether she now resides at the same address." On cross-examination, the probation officer stated that while she had information that defendant was running a place in Moore County, "I do not believe I had any information on where she was staying." (While the evidence did not show how far said residence is from Moore County, we take judicial notice of the fact that the Town of Candor is only a few miles from the Moore County line.) H. Elam testified that he went to the residence at the address aforesaid five or six times looking for defendant but never found her there; that the

second or third time he went there a lady came to the door and stated that defendant no longer lived there.

At the hearing, defendant and several witnesses presented by her testified that defendant had not changed her residence but had resided continuously at Route 1, Box 1-F, Candor, N. C.

Although there was direct evidence that on eight or ten occasions defendant was not found at the place that was supposed to be her residence, the evidence which tended to show that she had established her residence elsewhere was hearsay and insufficient to support the order of revocation. Our holding is supported fully by *State v. McMilliam, supra.*

For the reasons stated, the order appealed from is

Reversed.

Judges HEDRICK and CARSON concur.