STATE OF NORTH CAROLINA v. VAL DORIS MARTIN

No. 7521SC497

(Filed 3 December 1975)

Criminal Law § 143— violation of probation conditions — sufficiency of evidence

Where the evidence tended to show that defendant, after being placed on probation, entered a plea of guilty to a charge of giving worthless checks and defendant failed to report to her probation officer, such evidence was sufficient to show that defendant wilfully violated the conditions of her probation.

APPEAL by defendant from *Walker, Judge.* Judgment entered 1 May 1975 in Superior Court, FORSYTH County. Heard in the Court of Appeals 19 September 1975.

On 11 July 1974, defendant entered a plea of guilty to a charge of misdemeanor larceny. The 12 months sentence was suspended and she was placed on three years probation and as one of the conditions of probation, defendant agreed to "report to the Probation Officer as directed . . . [and] violate no penal law of any state or the Federal Government and be of general good behavior."

Within a year of the beginning of the period of probation defendant was brought to court for violation of the conditions of probation. It was alleged that on 3 April 1975 she had entered a plea of guilty to a charge of giving worthless checks. The District Court on 16 April 1975 revoked probation and

ordered activation of the 11 July 1974 sentence, modified to six months.

Defendant appealed to the Superior Court where Probation Officer Luna P. Hollett testified that defendant had entered a guilty plea to giving worthless checks in Forsyth County District Court on 3 April 1975 and had also failed to report to her probation officer. Assistant District Attorney Howard Cole read into the record other violations alleged by the Probation Officer since her probation began in July of 1974.

Defendant's attorney tendered defendant to the court and apparently advised the court of a statement from her doctor "which I think will explain part of the problem." However, the record contains no such statement. Finally, defendant's attorney told the court that in his own opinion defendant did not have ". . . enough judgment to know what she is supposed to be doing."

The Superior Court revoked defendant's probation and activated the sentence, as modified by the District Court. From this judgment of the Superior Court, defendant appealed.

*Attorney General Edmisten, by Associate Attorney William H. Guy, for the State.*

*Badgett, Calaway, Phillips and Davis, by Richard G. Badgett, for defendant appellant.*

MORRIS, Judge.

Defendant contends that the Superior Court erred in revoking defendant's probation because of a lack of evidence to support the court's finding that she willfully violated the conditions of her probation. Moreover, defendant contends that the court should have made a finding with respect to whether the failure to comply with the probation rules was without lawful excuse. We find no merit in defendant's contention.

Former Chief Justice Parker, speaking for our Supreme Court, carefully reviewed the law with respect to probation revocation and stated that "all that is required in a hearing of this character is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation *or* that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended." (Emphasis

supplied.) *State v. Hewett,* 270 N.C. 348, 353, 154 S.E. 2d 476 (1967) ; *State v. Sawyer,* 10 N.C. App. 723, 179 S.E. 2d 898 (1971). Here the evidence is plenary that defendant in fact willfully violated the conditions of her probation and the Superior Court so found. *State v. Bryant,* 11 N.C. App. 208, 180 S.E. 2d 457 (1971).

We have considered defendant's other contentions and find them also to be without merit.

No error.

Judges HEDRICK and ARNOLD concur.