STATE OF NORTH CAROLINA v. DENNIS LOMBARDO

No. 842SC553

(Filed 7 May 1985)

**Criminal Law § 143.5— probation revocation hearing—exclusionary rule not applicable—inquiry into officers' knowledge of probationary status not required**

The trial court did not err in a probation revocation proceeding by denying defendant's motion to suppress marijuana obtained in an airport search and seizure. The exclusionary rule does not apply to probation revocation hearings, and the court was not required to determine whether the law enforcement officers knew of defendant's probationary status.

APPEAL by defendant from *Bruce, Judge.* Order entered 25 January 1984 in Superior Court, HYDE County. Heard in the Court of Appeals 7 February 1985.

This is an appeal from an order revoking defendant's probation and activating a five year sentence for violating a special condition of probation, which was imposed upon defendant's conviction of felonious sale and delivery of marijuana, a violation of G.S. 90-95(a)(1). This condition of probation stated that defendant was not to have in his possession or control during the five years of probation any controlled substance as defined in Chapter 90 of the North Carolina General Statutes, unless prescribed by a medical doctor and dispensed by a physician or pharmacist.

Fifteen days after defendant's conviction and the entry of judgment suspending his five year sentence, defendant was arrested at Miami International Airport for possession of marijuana. The stipulated facts leading up to the arrest are as follows: On the afternoon of 28 August 1979, Officer William Johnson of the Dade County Public Safety Department observed defendant standing on the sidewalk outside the National Airlines terminal at the Miami International Airport. Defendant was holding a suitbag and briefcase in one hand and an airlines ticket in the other; he appeared nervous and impatient. Defendant put his luggage on the sidewalk and began talking with the porter. At this point Officer Johnson observed defendant's baggage claim check and learned that he had checked a suitcase onto a flight and that defendant himself was en route to New Orleans. Defendant was concerned that one particular suitcase might not get aboard the

plane in time. Defendant proceeded into the terminal, carrying his briefcase, suitbag and ticket. Defendant stopped to examine his ticket and Officer Johnson thought he saw defendant put the claim check "either down the front of his pants or in his watch pocket." Defendant nervously continued through the airport.

Officer Johnson then pointed defendant out to Detective D'Azevedo of the Dade County Public Safety Department, and they followed defendant to the boarding area. D'Azevedo displayed his badge to defendant and requested to speak to him; he asked for defendant's ticket and identification. Defendant nervously complied, giving D'Azevedo his ticket and his Florida driver's license. As D'Azevedo turned to write down this information, Officer Johnson, who had remained behind defendant, observed defendant placing his hand first into the front of his pants, and then, with what appeared to be a baggage claim check in his hand, into the back of his pants. Officer Johnson grabbed defendant's arms and secured the baggage claim check. When D'Azevedo observed that the name on defendant's ticket did not match the name on defendant's driver's license, Officer Johnson left to obtain the suitcase corresponding to the claim check. D'Azevedo at this point told defendant he was not free to leave.

Officer Johnson procured the services of the U.S. Customs narcotic detector dog unit, resulting in a detector dog "alerting" to the presence of a narcotic odor coming from defendant's suitcase. Defendant was arrested for possession of an unknown controlled substance of unknown quantity. Defendant along with his luggage was transported to the airport police service office where another dog "alerted" to a narcotic odor emanating from defendant's suitbag and briefcase. Defendant refused D'Azevedo's request to search his luggage; a search warrant was obtained, and twenty grams of marijuana were found in the suitcase, although none was found in the briefcase and suitbag. The defendant was charged with a misdemeanor in Florida, but the county court of Dade County, Florida, granted defendant's motion to suppress the evidence "on the ground that there was insufficient articulable facts to constitutionally justify defendant's detention and subsequent seizure of his person."

Defendant's probation officer filed a probation violation report in North Carolina based on defendant's arrest for drug

possession in Miami. At the revocation hearing, defendant's motion to suppress any evidence obtained from that arrest on constitutional grounds was granted, and the State appealed. This Court, without determining whether the exclusionary rule applied in a probation revocation hearing, reversed and remanded, holding that the trial court erred in treating the matter as a warrantless search when the record disclosed that the search was made pursuant to a search warrant. *State v. Lombardo*, 52 N.C. App. 316, 278 S.E. 2d 318 (1981). The Supreme Court, on discretionary review, modified and affirmed the Court of Appeals' decision, holding that the exclusionary rule does not apply to probation revocation hearings, and remanded the case to the Court of Appeals with instructions to remand to the trial court for further proceedings. *State v. Lombardo*, 306 N.C. 594, 295 S.E. 2d 399 (1982). Upon further hearing, the trial court denied defendant's renewed motion to suppress, revoked defendant's probation and imposed an active five year prison term. Defendant appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General James C. Gulick, for the State.*

*Purser, Cheshire, Manning & Parker, by Joe Cheshire, Gaskins, McMullan & Gaskins, P.A., by Herman E. Gaskins, and Joel Hirschhorn, P.A., by Joel Hirschhorn for defendant appellant.*

MARTIN, Judge.

In *State v. Lombardo*, 306 N.C. 594, 295 S.E. 2d 399 (1982), our Supreme Court held, without qualification, that the fourth amendment exclusionary rule does not apply in probation revocation hearings. In so doing, the Supreme Court expressly overruled *State v. McMilliam*, 243 N.C. 775, 92 S.E. 2d 205 (1956), holding that illegally seized evidence cannot be used to revoke probation, and held that "evidence which does not meet the standards of the fourth and fourteenth amendments to the United States Constitution *may be admitted in a* probation revocation hearing." *Lombardo, supra* at 602, 295 S.E. 2d at 404 (original emphasis). Defendant's sole contention on appeal is that the trial court misapplied the law of the *Lombardo* decision rendered by the Supreme Court and therefore erred in denying defendant's re-

newed motion to suppress any evidence obtained from his arrest. Defendant maintains that based on the *Lombardo* decision, the issue of whether the law enforcement officers had knowledge of defendant's probationary status was relevant to the trial court's determination of his motion to suppress; that defendant was prepared to assert that the law enforcement officers did know that defendant was on probation; and that therefore, the evidence obtained from defendant was subject to the exclusionary rule. A careful analysis of the opinion reveals that while knowledge of the probationer's status by the law enforcement official who conducted the illegal search would tend to undermine the rationale of holding the exclusionary rule inapplicable to probation revocation hearings, the Court's decision was not qualified upon the law enforcement official's unawareness of the probationer's status. We therefore hold that the trial court did not misapply the law of *Lombardo* and affirm its order.

When an appellate court decides a question and remands the case for further proceedings, the questions determined by the appellate court become the law of the case, both in subsequent proceedings in the trial court, and on appeal. *Bruce v. Flying Service*, 234 N.C. 79, 66 S.E. 2d 312 (1951). The law of the case doctrine does not apply to dicta, but only to points actually presented and necessary to a determination of the case. *Hayes v. Wilmington*, 243 N.C. 525, 91 S.E. 2d 673 (1956).

In *Lombardo*, the Court noted:

If the officer knows that the defendant is on probation the officer may not be deterred from conducting an illegal search or seizure of the defendant unless he knows the evidence obtained from such illegal conduct is excluded at a probation revocation hearing.

*Lombardo, supra* at 600, 295 S.E. 2d at 403. This statement represents one factor the Court considered in analyzing the overall deterrent effectiveness of the exclusionary rule as relating to probation revocation hearings; the Court did not expressly qualify its holding to exclude the rule's application to such proceedings upon the law enforcement official being unaware of the probationer's status. The Court gave additional reasoning for its holding: application of the exclusionary rule to revocation hearings would damage the viability of the probation system "by

allowing those like Lombardo, who show a total disregard for the system, to exclude evidence of their personal probation violations." *Id.* at 600-01, 295 S.E. 2d at 404. "For *all the reasons* articulated . . . we hold that the exclusionary rule should not be applied in revocation hearings." *Id.* at 604, 295 S.E. 2d at 406 (emphasis added).

We are bound by the ruling of our Supreme Court: the exclusionary rule is not applicable to revocation hearings. The trial court therefore was not required to determine whether the law enforcement officers had knowledge of defendant's probationary status; it did not err in denying defendant's motion to suppress any evidence obtained from the search and seizure. The order of the trial court is

Affirmed.

Judges WEBB and PHILLIPS concur.