**STATE v. TUCKER**

[111 N.C. App. 907 (1993)]

STATE OF NORTH CAROLINA v. CORNELIUS TUCKER

No. 9221SC906

(Filed 7 September 1993)

**Criminal Law § 1540 (NCI4th) — probation revocation — withdrawal of counsel — failure to appoint substitute counsel**

Where an indigent defendant's counsel moved at defendant's request to withdraw as counsel for defendant's probation revocation hearing, and the record does not disclose that original counsel was incompetent to represent defendant, the trial court did not err in allowing defendant's counsel to withdraw without appointing substitute counsel. Furthermore, defendant was not prejudiced by the trial court's failure to appoint substitute counsel where defendant thoroughly cross-examined the probation officer, and he made a strong argument and closing statement on his own behalf.

**Am Jur 2d, Criminal Law § 579.**

**Right to assistance of counsel at proceedings to revoke probation. 44 ALR3d 306.**

Appeal by defendant from order entered 21 May 1992 by Judge Lester P. Martin, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 6 July 1993.

On 26 August 1991, a Forsyth County grand jury indicted defendant for assault with a deadly weapon with intent to kill inflicting serious injury, a violation of N.C. Gen. Stat. § 14-32 (1986). After defendant entered a plea of guilty, the trial court sentenced him to a term of six years imprisonment, suspended the sentence, and placed defendant on intensive probation.

On 27 March 1992, defendant's probation officer filed a report claiming that defendant had violated the conditions of his probation. On 21 May 1992, at the beginning of defendant's probation revocation hearing, his counsel moved, at defendant's request, to withdraw as counsel. The court allowed the motion to withdraw but denied defendant's motion to appoint substitute counsel. Over defendant's objection, the court continued with the hearing. Following direct examination of the probation officer by the State's attorney, defendant strenuously cross-examined the witness and made a statement

on his own behalf. The court entered an order revoking defendant's probation and activating the sentence. From this order, defendant appeals.

> *Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas B. Wood, for the State.*
>
> *L. Todd Burke for defendant-appellant.*

McCRODDEN, Judge.

In his appeal, defendant presents one argument based upon one assignment of error. He argues that the trial court violated his constitutional right to counsel when it refused to appoint substitute counsel at his probation revocation hearing. We disagree.

An indigent defendant has no absolute constitutional right to appointed counsel at a probation revocation hearing. *Gagnon v. Scarpelli*, 411 U.S. 778, 36 L.Ed.2d 656 (1973). *Gagnon* recognized, as did our Court in *State v. Pratt*, 21 N.C. App. 538, 204 S.E.2d 906 (1974), that probation revocation hearings are, by their nature, informal affairs, not true criminal prosecutions. The formal rules of evidence do not apply to such hearings. N.C. Gen. Stat. § 15A-1345(e) (1988). On a constitutional level, the trial court must make a determination as to the need for counsel on a case by case basis. *Gagnon*, 411 U.S. at 790, 36 L.Ed.2d at 666. *Gagnon*, however, did not specify guidelines for determining when circumstances invoked a constitutional requirement of counsel, much less a need for substitute counsel when an accused is responsible for the withdrawal of his court-appointed attorney.

In North Carolina, in addition to the constitutional right, there is a statutorily recognized right to counsel at probation revocation hearings. N.C.G.S. § 15A-1345(e). This is a right which a defendant may knowingly, intelligently, and voluntarily relinquish. *State v. Warren*, 82 N.C. App. 84, 85, 345 S.E.2d 437, 439 (1986).

Although the right of an indigent defendant to have competent counsel is unquestionable, *cf. State v. Sweezy*, 291 N.C. 366, 371, 230 S.E.2d 524, 528 (1976), an accused does not have the right to have the counsel *of his choice* appointed for him, nor the right to insist that his attorney be dismissed and new counsel appointed merely because the defendant becomes dissatisfied with the attorney's services. *Id.*

A trial judge is only constitutionally required to appoint substitute counsel when the initial appointment has not afforded defendant his constitutional right to counsel. *State v. Thacker*, 301 N.C. 348, 352, 271 S.E.2d 252, 255 (1980). Thus, when it appears to the trial court that the original counsel is reasonably competent to represent defendant's case and "the nature of the conflict between defendant and counsel is not such as would render counsel incompetent or ineffective to represent *that* defendant, denial of defendant's request to appoint substitute counsel is entirely proper." *Id.* Defendant has not argued and the record does not disclose that original counsel was incompetent to represent defendant. Counsel withdrew at defendant's request, presumably because *defendant* was not satisfied with her. Under the circumstances of this case, we find that the trial court's denial of substitute counsel was entirely appropriate.

After the trial court allowed counsel to withdraw, the following exchange took place:

[Prosecutor]: Are you ready to proceed?

[Defendant]: No. I will fill out the report for the indigency screeners in reference to getting a new appointment of counsel.

The Court: Motion denied.

[Prosecutor]: Are you ready to proceed?

[Defendant]: There were documents that needed to be subpoenaed and other records. That was the case last time—

The Court: —Are you in violation of your probationary judgment or are you not?

[Defendant]: Those are the allegations but they're not true and if I had my medical records subpoenaed, I would have—

The Court: —Be sworn and testify. Have a seat.

[Defendant]: Your Honor, how can I be tried without appointment of counsel? This is the same thing I tried to tell them last time. I need an attorney.

The Court: You just fired your lawyer. You're not going to have your choice of choosing lawyers every time you want to fire one.

While we cannot condone the inadequacy of the trial court's inquiry into this issue, this exchange indicates that this was not the first instance in which defendant had rejected one attorney and sought another. The record reflects that defendant had a pattern of trying to delay the probation hearings and that the trial court had simply lost patience with the defendant's antics. His repeated references to "last time" support this belief, and his statement that he "will fill out the report for the indigency screeners in reference to getting a new appointment of counsel" indicates that he was well aware of the procedure for appointment of counsel and the necessary resulting delay. When this tactic failed, defendant requested that his "medical records" be subpoenaed, knowing that, if allowed, this request would further delay the hearing.

Finally, we cannot find that defendant suffered any prejudice by the court's failure to appoint substitute counsel. Defendant thoroughly cross-examined the probation officer, and he made a strong argument and a closing statement on his own behalf. He has failed to carry his burden of showing exactly how the absence of counsel prejudiced his case, as required by N.C. Gen. Stat. § 15A-1443 (1988).

Defendant's probation revocation hearing was fair and free of prejudicial error.

Affirmed.

Judges WELLS and ORR concur.