638 S.E.2d 610 (2007)
In the Matter of D.J.M., Juvenile.
No. COA06-397.
Court of Appeals of North Carolina.
January 2, 2007.
Attorney General Roy Cooper, by Assistant Attorney General Brent D. Kiziah, for the State.
Charlotte Gail Blake, Jefferson, for juvenile-appellant.
LEVINSON, Judge.
D.J.M. (juvenile) appeals from the trial court's order revoking his court supervision.[1] We affirm.
The pertinent facts may be summarized as follows: On 17 August 2004, the trial court adjudicated D.J.M. delinquent for larceny of a motor vehicle and for assault inflicting serious injury. In a disposition order entered 7 December 2004, the trial court placed the juvenile under court supervision for six months. On 15 November 2005, the State filed a motion for review, alleging that D.J.M. violated two conditions of his probation on or about 14 November 2005 when he "became aggressive toward another peer at placement [and] as [a] result he was discharged from placement." At the conclusion of a 29 November 2005 hearing related to placing D.J.M in a facility that best suited his needs, the trial court stated, "[D.J.M.] was on probation, that he's violated his probation, that there are no other placements available other than commitment to the Youth Development Center. And I will order that he be placed there for a period of time not to exceed his 18th birthday."
Using a form order generally reserved for adjudications that juveniles have committed a substantive criminal offenses (AOC-J-460, New 7/99), the trial court found that J.D.M. "admitted the allegation(s) contained in the petition in accordance with the procedures required by G.S. 7B-2407." The trial court further found that "[t]he juvenile through his attorney admits to the allegations of probation violation as alleged in the motion filed 11-15-2005. The Court accepts the admission and finds the juvenile to be delinquent by reason of probation violation." In a "Juvenile Level 3 Disposition and Commitment Order (Delinquent)" the trial court committed the juvenile to a training school for an indefinite period not to exceed his eighteenth birthday. Furthermore, in its disposition order, the trial court indicated that it "received and considered a predisposition report . . . and incorporate[d] the contents of that report by reference." D.J.M. appeals.
D.J.M. contends that the trial court erred by finding that he had admitted the allegations contained in the motion for review in accordance with N.C. Gen.Stat. § 7B-2407 (2005).[2] D.J.M. argues that the order must be vacated because the trial court failed to make the specific inquiries enumerated in G.S. § 7B-2407 to ensure that his admission of violating the terms of court supervision was knowing and voluntary.
G.S. § 7B-2407(a), entitled "When admissions by juvenile may be accepted", provides:
(a) The court may accept an admission from a juvenile only after first addressing the juvenile personally and:

*612 (1) Informing the juvenile that the juvenile has a right to remain silent and that any statement the juvenile makes may be used against the juvenile;
(2) Determining that the juvenile understands the nature of the charge;
(3) Informing the juvenile that the juvenile has a right to deny the allegations;
(4) Informing the juvenile that by the juvenile's admissions the juvenile waives the juvenile's right to be confronted by the witnesses against the juvenile;
(5) Determining that the juvenile is satisfied with the juvenile's representation; and
(6) Informing the juvenile of the most restrictive disposition on the charge.
As a preliminary matter, we observe that the record on appeal confirms that the trial court did not make the inquiries contained in G.S. § 7B-2407 before accepting the juvenile's admission that he was in violation of court supervision. Consequently, the trial court erred by "finding" that it had conducted the inquiry contained in that statute. We conclude, however, that Section 7B-2407 does not apply to admissions by a juvenile (or by the juvenile through his attorney) that the juvenile violated conditions of court supervision.
G.S. § 7B-2407 is the juvenile corollary to N.C. Gen.Stat. § 15A-1022(a)(2005), entitled "Advising defendant of consequences of guilty plea. . . ." Section 15A-1022 requires the trial court to personally address adult defendants, informing them of certain rights, and to make specific determinations before a guilty plea may be formally accepted. G.S. § 15A-1022(a) provides, in pertinent part, that:
. . . [A] superior court judge may not accept a plea of guilty or no contest from the defendant without first addressing him personally and:
(1) Informing him that he has a right to remain silent and that any statement he makes may be used against him;
(2) Determining that he understands the nature of the charge;
(3) Informing him that he has a right to plead not guilty;
(4) Informing him that by his plea he waives his right to trial by jury and his right to be confronted by the witnesses against him;
(5) Determining that the defendant, if represented by counsel, is satisfied with his representation;
(6) Informing him of the maximum possible sentence on the charge for the class of offense for which the defendant is being sentenced, including that possible from consecutive sentences, and of the mandatory minimum sentence, if any, on the charge. . . .
G.S. § 15A-1022 is our General Assembly's codification of the principles articulated by the United States Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). See State v. McNeill, 158 N.C.App. 96, 103, 580 S.E.2d 27, 31 (2003). "A defendant's plea must be made voluntarily, intelligently and understandingly." Id. (citing Boykin, 395 U.S. at 244, 89 S.Ct. at 1713, 23 L.Ed.2d at 280).
In North Carolina, G.S. § 15A-1022 has been applied to circumstances where the defendant is accused of committing substantive statutory or common law crimes. See, e.g., State v. Shelton, 167 N.C.App. 225, 230, 605 S.E.2d 228, 231 (2004)(no actual entry of defendant's purported guilty plea to two counts of incest "because without engaging in the plea colloquies required by [G.S. § 15A-1022], the trial court cannot and does not accept an offered plea of guilty"); State v. Carter, 167 N.C.App. 582, 585, 605 S.E.2d 676, 679 (2004) (guilty plea to breaking and/or entering and larceny was "made knowingly and voluntarily . . . [as] the trial court conducted the inquiry set out in N.C. Gen.Stat. § 15A-1022"). Our research has not revealed any North Carolina authority suggesting that Section 15A-1022 must be used where an adult defendant is accused of violating the terms of adult probation.
Our courts have applied Section 7B-2407 to juvenile delinquency proceedings where it is alleged the juvenile violated a substantive statutory or common law crime. See, e.g., In Re W.H., 166 N.C.App. 643, 646, 603 S.E.2d 356, 359 (2004) (juvenile did not admit to assault inflicting serious bodily injury because *613 "the record does not affirmatively show the trial court's compliance with N.C. Gen. Stat. § 7B-2407. . . ."); In re D.A.F., ___ N.C.App. ___, ___, 635 S.E.2d 509, 511 (2006) (felony sexual offense). Respondent has not directed this Court to any authority suggesting Section 7B-2407 is applicable to admissions by juveniles of violations of court supervision, and our research has revealed none.
Moreover, our Supreme Court held that Sections 7B-2407(a) and (b) "must be read in conjunction in determining whether to accept a juvenile's admission of guilt." In re T.E.F., 359 N.C. 570, 573, 614 S.E.2d 296, 298 (2005) (citing In re Kenyon N., 110 N.C.App. 294, 297, 429 S.E.2d 447, 449 (1993))(other citations omitted)(underlining added). "Guilt" is defined as "[t]he fact or state of having committed a wrong, esp[ecially] a crime." Black's Law Dictionary 727 (8th ed.2004). One's violation of court supervision is not a distinct "crime" like that associated with violations of statutory and common law offenses. Indeed, in a case concerning double jeopardy, this Court held that "[a] probation violation hearing is not a criminal prosecution." State v. Monk, 132 N.C.App. 248, 252, 511 S.E.2d 332, 335 (1999) (citing State v. Pratt, 21 N.C.App. 538, 204 S.E.2d 906 (1974). This Court also observed that a probation violation hearing:
. . . is a proceeding solely for the determination by the court whether there has been a violation of a valid condition of probation so as to warrant putting into effect a sentence theretofore entered; and while notice in writing to defendant, and an opportunity for him to be heard, are necessary, the court is not bound by strict rules of evidence, and all that is required is that there be competent evidence reasonably sufficient to satisfy the judge in the exercise of a sound judicial discretion that the defendant had, without lawful excuse, willfully violated a valid condition of probation.
Id. (quoting Pratt, 21 N.C.App. at 540, 204 S.E.2d at 907).
It is also significant that Section 7B-2407 is located in Article 24, captioned "Hearing Procedures." Article 24 concerns, e.g., petitions; adjudicatory hearings; evidence; and burden of proof. Article 24 requires, for example, that allegations in a petition alleging delinquency be proven beyond a reasonable doubt. N.C.G.S. § 7B-2409 (2005).
An entirely different statute, in an entirely different Article of the Juvenile Code, specifically addresses alleged violations of court supervision. See N.C.G.S. § 7B-2510 (2005)("Conditions of probation; violations of probation"). Section 7B-2510 is located in Article 25, which concerns "Dispositions." N.C.G.S. § 7B-2510(e)(2005) provides that violations of court supervision must be proven by a lower burden of proof than that for adjudications of delinquency for substantive statutory and common law offenses:
If the court, after notice and a hearing, finds by the greater weight of the evidence that the juvenile has violated the conditions of probation set by the court, the court may continue the original conditions of probation, . . . [or] order a new disposition at the next higher level on the disposition chart. . . .
While the General Assembly could have required the colloquy in Section 7B-2407 to apply to alleged violations of court supervision, it did not do so. Instead, it included a motion for review as a form of "dispositional" hearing with procedural safeguards that differ significantly from those imposed on allegations that a juvenile committed a statutory or common law criminal offense.
We conclude that Section 7B-2407 does not apply to an admission by a juvenile (or by the juvenile through his attorney) that the juvenile violated conditions of court supervision. Consequently, the trial court did not err by failing to make the specific inquiries enumerated in G.S. § 7B-2407. The relevant assignments of error are overruled.
Affirmed.
Judges GEER and JACKSON concur.
NOTES
[1] "Court supervision" and "probation" are used interchangeably in this opinion, as are "motion for review" and "probation violation."
[2] Respondent argues only that the trial court erred by not following the statutory requirements set forth in Section 7B-2407. He does not make any constitutional arguments.