STATE OF NORTH CAROLINA v. REDELL J. CAMPBELL

No. 8815SC8

(Filed 19 July 1988)

**1. Criminal Law § 143.12— probation revocation—initial sentence consecutive to new sentence—no error**

    The trial judge did not err when revoking defendant's probation and placing into effect the suspended sentence by making the suspended sentence consecutive to another sentence where defendant was given a suspended sentence for felonious sale and delivery of a controlled substance on 9 October 1986, pled guilty to two counts of felonious sale and delivery of a controlled substance on 31 August 1987, the trial judge imposed a ten-year active sentence, and the trial court subsequently found that defendant had violated the conditions of his probation, revoked probation, and ordered that the 9 October 1986 sentence run at the expiration of the 31 August 1987 sentence. The applicable statute is N.C.G.S. § 15A-1344(d) rather than N.C.G.S. § 15A-1354(a).

**2. Constitutional Law § 34; Criminal Law § 143.12— revocation of probation— consecutive sentences—no violation of double jeopardy**

    The statute which allows a court to activate a defendant's suspended probationary sentence and to run it consecutively to another sentence, N.C.G.S. § 15A-1344(d), does not violate the double jeopardy clause of the United States Constitution or the North Carolina Constitution.

APPEAL by defendant from *Brannon, Anthony M., Judge.* Judgment entered 4 September 1987 in Superior Court, ORANGE County. Heard in the Court of Appeals 10 May 1988.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Francis W. Crawley, for the State.*

*Public Defender J. Kirk Osborn for defendant-appellant.*

JOHNSON, Judge.

This is an appeal from a court order revoking defendant's probation and placing into immediate effect the suspended sentence given with probation. The chronological events leading up to this appeal are as follows.

On 9 October 1986, in the Superior Court of Orange County, defendant pled guilty to felonious sale and delivery of a Schedule II controlled substance. Defendant was given a three year suspended sentence and placed on probation for three years.

On 31 August 1987, in the Superior Court of Orange County, defendant pled guilty to two counts of felonious sale and delivery of a Schedule II controlled substance. The trial court imposed a ten year active sentence and directed the probation officer to serve a violation report on defendant for having violated the conditions of probation imposed on defendant 9 October 1986. The Public Defender was appointed to represent defendant at his probation violation hearing scheduled for 4 September 1987. Defendant's convictions on 31 August 1987 to the two counts of felonious sale and delivery of a Schedule II controlled substance served as the basis for the violation of probation report.

At the 4 September 1987 hearing, the trial court found that defendant had willfully violated the conditions of his 9 October 1986 probationary judgment by being convicted of a criminal offense, to wit: defendant's 31 August 1987 conviction on two counts of felonious sale and delivery of a Schedule II controlled substance. The trial court revoked defendant's probation and ordered that the three year sentence suspended on 9 October 1986 be placed into immediate effect, and to run at the expiration of the ten year sentence imposed on 31 August 1987. From this order, defendant appeals.

The sole issue raised by defendant in this appeal is whether the trial court erred in ordering the three year sentence to run at the expiration of the ten year sentence.

[1] Defendant argues that his 9 October 1986 probationary judgment contained no provision that his sentence was to run consecutive to any other sentence; therefore, defendant contends that under the provisions of G.S. 15A-1354(a) his sentence, once

activated, must run concurrently with any other sentence he might receive. G.S. 15A-1354(a) provides in pertinent part that:

> [W]hen a term of imprisonment is imposed on a person *who is already subject to an undischarged term of imprisonment*, . . . the sentences may run either concurrently or consecutively, as determined by the court. If not specified, sentences shall run concurrently. (Emphasis added.)

Defendant's reliance upon this statutory provision is misplaced. Defendant overlooks the emphasized language of G.S. 15A-1354(a) which refers to an individual who, at the time of sentencing, is "already" subject to an undischarged term of imprisonment. At the time defendant was sentenced on 9 October 1986, the trial judge could have ordered the three year sentence to run consecutively or concurrently with any *undischarged term of imprisonment to which defendant was "already" subject at that time*. It is clear from the reading of G.S. 15A-1354(a) that the statutory language does not mean any term of imprisonment to which defendant *might* become subject in the future. The ten year sentence imposed upon defendant on 31 August 1987 was not an undischarged term of imprisonment defendant was "already" subject to on 9 October 1986, when the three year sentence probationary judgment was imposed. G.S. 15A-1354 has no application to the facts of this case.

We find G.S. 15A-1344 to be the applicable statute for disposition of the issue. G.S. 15A-1344(d) provides in pertinent part that:

> A sentence activated upon revocation of probation commences on the day probation is revoked and runs concurrently with any other period of probation, parole, or imprisonment to which the defendant is subject during that period unless the revoking judge specifies that it is to run consecutively with the other period.

At the time defendant's probation was revoked on 4 September 1987, he was subject to a separate term of imprisonment of ten years and it was, therefore, within the authority and discretion of the judge revoking defendant's probation to run the sentence either concurrently or consecutively.

**[2]** We have carefully reviewed defendant's contention that G.S. 15A-1344(d), which allows the court to activate defendant's suspended probationary sentence and to run it consecutively to another sentence, violates the double jeopardy clause under both the United States Constitution and the North Carolina Constitution. We conclude that this contention is without merit.

We affirm the trial court's judgment.

Affirmed.

Judges PHILLIPS and SMITH concur.