STATE OF NORTH CAROLINA v. ANDREW LEE MONK

No. COA98-277

(Filed 16 February 1999)

1. **Constitutional Law— double jeopardy—probation revocation hearing**

   Defendant was neither subjected to successive criminal prosecutions for the same offense nor subjected to multiple punishments for the same offense where he was on probation for an unrelated drug offense when he was charged with first-degree statutory rape, taking indecent liberties with a minor, attempted murder, and assault with a deadly weapon; defendant's probation officer filed a probation violation report; and a probation violation hearing was held but continued and judgment on the alleged violation was not entered prior to trial. It has been held that the double jeopardy clause of the Fifth Amendment to the U.S. Constitution does not prevent the prosecution of a defendant for the substantive offense used as the basis of revocation of probation.

2. **Appeal and Error— preservation of issues—new arguments on appeal**

   Defendant's arguments on appeal were not considered where they differed from the argument presented to the trial court.

STATE v. MONK

[132 N.C. App. 248 (1999)]

**3. Criminal Law— joinder of offenses—assault and attempted murder based on HIV status—joined with first-degree statutory rape and indecent liberties**

The trial court did not abuse its discretion in joining for trial charges of assault with a deadly weapon and attempted murder based on defendant's HIV status with charges of first-degree statutory rape and taking indecent liberties with a minor. The cases at issue were based on the same act, were connected, and constituted parts of a single plan, as required for joinder by N.C.G.S. § 15A-926(a).

**4. Trials— calendar—attempted murder charge added after printing**

The trial court did not abuse its discretion in a prosecution for attempted murder, assault, statutory rape, and indecent liberties by allowing the State to add the attempted murder charge to the trial calendar (which included the other offenses) after the calendar had been printed.

**5. Evidence— attempted murder and assault charges—HIV status—admissible**

The trial court did not err in a prosecution for first-degree statutory rape, taking indecent liberties with a minor, attempted murder, and assault with a deadly weapon by allowing the State to introduce evidence that defendant has AIDS where the evidence of defendant's HIV status was relevant to the State's charges of attempted murder and assault with a deadly weapon and, although the charges were dismissed at the close of the evidence, they had not been dismissed when the trial court considered the admissibility of the evidence. Moreover, defendant failed to show that the admission of the evidence was unfairly prejudicial.

**6. Criminal Law— HIV positive defendant—protective handware for jury to examine exhibits**

The trial court did not abuse its discretion in a prosecution for first-degree statutory rape, taking indecent liberties with a minor, and attempted murder and assault based on defendant's positive HIV status by instructing the jury that it could use protective handwear to examine defendant's clothes. The instructions do not show that the trial court had an opinion as to defendant's HIV status and the instruction giving jurors the option of wearing rubber gloves if they wished to handle personal items

introduced as exhibits was a proper exercise of reasonable control over the presentation of the evidence.

### 7. Evidence— criminal defendant—house arrest—chain of circumstances

The trial court did not err in a prosecution for first-degree statutory rape, indecent liberties, assault, and attempted murder by admitting the victim's testimony that defendant was on house arrest at the time of the offense and an officer's testimony that the victim had told him that defendant was wearing a band around his ankle with a small box on it. The evidence on house arrest was relevant to the victim's account of the crime and served to enhance the natural development of the facts; it was not unfairly prejudicial because the State neither presented evidence nor argued that defendant had been convicted of a prior crime and the testimony was not used to prove the character of defendant.

Appeal by defendant from judgments entered 9 July 1997 by Judge James M. Webb in Guilford County Superior Court. Heard in the Court of Appeals 19 November 1998.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Ellen B. Scouten, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant-appellant.*

McGEE, Judge.

Defendant was convicted of first degree statutory rape and taking indecent liberties with a minor on 9 July 1997.

The State's evidence tended to show that the twelve-year-old victim lived in Guilford County, North Carolina with her parents, sister, and three foster children. Defendant, age thirty-six, lived four houses down from the victim with his twelve-year-old son and his parents. The victim often went to defendant's residence to play with defendant's son.

The victim took Christmas cookies to defendant's residence on 15 December 1996. Defendant was the only person at home. The victim talked with defendant for about fifteen minutes. Defendant told the victim that he "was on house arrest and that he couldn't . . . have sexual activities with other women," and that "if he was [his son's] age,

he would tear [the victim] up." The victim testified she immediately got up to leave, and that defendant followed her as she walked towards his front door to exit. Defendant grabbed the victim from behind, and began touching her breasts and vagina. Defendant forced the victim into his bedroom, held her down on his bed, pulled off her pants and forced her to have sexual intercourse with him. The victim testified she did not know how long defendant was "on top of [her]" before she screamed and defendant went into his bathroom. The victim ran out of defendant's house and to her own home.

Defendant's mother subsequently informed police officers that defendant had tested positive for the human immunodeficiency virus (HIV), and that he has acquired immune deficiency syndrome (AIDS). The victim has since undergone periodic testing for HIV and is on AZT treatment but has thus far tested negative for HIV.

At the time defendant was charged with the present offenses, he was on probation for an unrelated drug offense. One condition of his probation was that he not commit a crime. After defendant was charged with the present offenses, defendant's probation officer filed a probation violation report based upon the new charges. A probation violation hearing for defendant was held on 30 January 1997. The hearing was continued and judgment was never entered on defendant's alleged probation violation prior to trial of the present offenses.

Defendant filed a pretrial motion to dismiss the charges on 26 June 1997, on grounds that the probation violation hearing barred a subsequent prosecution of defendant for the substantive offenses based on double jeopardy. The trial court denied defendant's motion on 30 June 1997.

Defendant was sentenced to a minimum of 420 months and a maximum of 513 months in prison for the first degree statutory rape, and a minimum of 26 months and a maximum of 32 months for taking indecent liberties with a minor.

Defendant appeals.

I.

[1] Defendant argues the trial court erred in denying defendant's motion to dismiss for violation of double jeopardy. We disagree.

"The Double Jeopardy Clause . . . provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *United States v. Dixon*, 509 U.S. 688, 695-96, 125 L. Ed. 2d 556,

567 (1993) (quoting U.S. Const. amend. V). "This protection applies both to successive punishments and to successive prosecutions for the same criminal offense." *Dixon* at 696, 125 L. Ed. 2d at 567 (citation omitted). "The same-elements test . . . inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." *Dixon* at 696, 125 L. Ed. 2d at 568. Our Supreme Court has held that " '[t]he Double Jeopardy Clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense[.]' " *State v. Ballenger*, 123 N.C. App. 179, 180, 472 S.E.2d 572, 572-73 (1996) (citation omitted), *cert. denied*, 118 S.Ct. 68, 139 L. Ed. 2d 29 (1997).

A probation violation hearing is not a criminal prosecution. *State v. Pratt*, 21 N.C. App. 538, 204 S.E.2d 906 (1974). In *Pratt*, our Court stated:

> A proceeding to revoke probation is not a criminal prosecution but is a proceeding solely for the determination by the court whether there has been a violation of a valid condition of probation so as to warrant putting into effect a sentence theretofore entered; and while notice in writing to defendant, and an opportunity for him to be heard, are necessary, the court is not bound by strict rules of evidence, and all that is required is that there be competent evidence reasonably sufficient to satisfy the judge in the exercise of a sound judicial discretion that the defendant had, without lawful excuse, willfully violated a valid condition of probation.

*Id.* at 540, 204 S.E.2d at 907 (citations omitted).

In *State v. Campbell*, 90 N.C. App. 761, 370 S.E.2d 79, *disc. review denied*, 323 N.C. 367, 373 S.E.2d 550 (1988), defendant pled guilty to felonious sale and delivery of a Schedule II controlled substance in 1986 and was given a three year suspended sentence and placed on probation for three years. In August, 1987 he was convicted of two counts "of felonious sale and delivery of a Schedule II controlled substance." *Id.* at 762, 370 S.E.2d at 80. For his 1987 convictions, defendant was sentenced to ten years in prison and his probation was revoked. Defendant's 1987 convictions served as the basis for defendant's probation revocation. *Id.* Our Court affirmed defendant's conviction, and held that the statute "which allow[ed] the court to activate defendant's suspended probationary sentence and to run it

consecutively to another sentence," did not violate the double jeopardy clause. *Id.* at 764, 370 S.E.2d at 80-81.

Similar to *Campbell*, the facts of the present case do not show that defendant was subject to multiple punishments for the same offense. In *State v. Young*, 21 N.C. App. 316, 204 S.E.2d 185 (1974), our Court stated that:

> Although revocation of probation results in the deprivation of a probationer's liberty, *the sentence he may be required to serve is the punishment for the crime of which he had previously been found guilty*. The inquiry of the court at such a hearing is not directed to the probationer's guilt or innocence, but to the truth of the accusation of a violation of probation.

*Id.* at 320, 204 S.E.2d at 187 (emphasis added) (citation omitted).

Other courts have held that the double jeopardy clause of the Fifth Amendment to the U.S. Constitution does not prevent the prosecution of a defendant for the substantive offense used as the basis of revocation of the defendant's probation. *See U.S. v. Whitney*, 649 F.2d 296 (5th Cir. 1981); *State v. McDowell*, 699 A.2d 987 (Conn. 1997).

Following our reasoning in *Pratt* and *Young*, we hold that defendant was neither subject to successive criminal prosecutions for the same offense, nor subject to multiple punishments for the same offense. Thus, defendant's double jeopardy argument must fail. We find no error.

## II.

**[2]** Defendant argues the trial court erred in denying defendant's motions to dismiss the charges of attempted murder and assault with a deadly weapon prior to the introduction of evidence, as well as defendant's motion to sever. Defendant was indicted for: (1) first degree statutory rape, (2) taking indecent liberties with a minor, (3) attempted murder, and (4) assault with a deadly weapon. Defendant filed a motion to dismiss the charges of attempted murder and assault with a deadly weapon on 30 June 1997, as well as a motion to sever these offenses from the sex offenses for trial. Defendant's motions were denied. After the State had presented its evidence, the trial court dismissed the charges of attempted murder and assault with a deadly weapon.

Defendant set forth in a pretrial motion entitled "Separation of Powers" that the State's theory for the charges of assault with

STATE v. MONK

[132 N.C. App. 248 (1999)]

a deadly weapon and attempted murder was that defendant attempted to infect the victim with the HIV virus. The State contended at trial that this was, in fact, its theory of defendant's guilt as to these charges, and that this theory was set forth in "the bill of indictment . . . 96 Crs 20203."

Defendant filed a pretrial motion to dismiss these charges on the ground that there was no statutory authority for the offenses. Defendant argued that "whether the AIDS Virus or any disease is a weapon" is a matter of public policy to be determined by the General Assembly, and thus prosecution of defendant for assault with a deadly weapon and attempted murder would "usurp the law making powers of the Legislature and would thus be in violation of the North Carolina Constitution."

Defendant now sets forth new arguments on appeal. He contends that the State failed to forecast sufficient evidence to support the charges and he argues that if the motion to dismiss had been granted pretrial, the State would have had no "argument for the admissibility of the unfairly [prejudicial] evidence of the defendant's HIV status." We decline to consider defendant's additional arguments in that they differ from the argument defendant presented to the trial court. "In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the *specific grounds* for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(b)(1) (emphasis added); *see also State v. Benson*, 323 N.C. 318, 322, 372 S.E.2d 517, 519 (1988) (stating "[d]efendant may not swap horses after trial in order to obtain a thoroughbred upon appeal") (citation omitted). Furthermore, defendant failed to include in the record on appeal copies of the indictments or warrants for the charges of assault with a deadly weapon and attempted murder, thus preventing this Court from determining whether the indictments properly alleged the use of a deadly weapon and preventing effective review. *See State v. Palmer*, 293 N.C. 633, 239 S.E.2d 406 (1977) (stating that once an *indictment properly alleges* the use of a deadly weapon in a crime, "[w]hether the state can prove the allegation is, of course, a question of evidence which cannot be determined until trial.") *Id.* at 640, 239 S.E.2d at 411.

[3] Defendant also argues the trial court erred in joining for trial the charges of assault with a deadly weapon and attempted murder along with the charges of first degree statutory rape and taking indecent liberties with a minor. Defendant's argument is without merit.

N.C. Gen. Stat. § 15A-926(a) (1997) states:

> (a) Joinder of Offenses.— Two or more offenses may be joined in one pleading or for trial when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan. Each offense must be stated in a separate count as required by G.S. 15A-924.

"If the consolidated charges have a transactional connection, the decision to consolidate the charges is left to the 'sound discretion of the trial judge and that ruling will not be disturbed on appeal absent an abuse of discretion.'" *State v. Weathers*, 339 N.C. 441, 447, 451 S.E.2d 266, 269 (1994) (citation omitted). "A defendant is not prejudiced by the joinder of two crimes unless the charges are 'so separate in time and place . . . as to render the consolidation unjust and prejudicial to defendant.'" *State v. Howie*, 116 N.C. App. 609, 615, 448 S.E.2d 867, 871 (1994) (citations omitted).

The cases at issue "[were] based on the same act," were "connected together," and "constitut[ed] parts of a single . . . plan[,]" as is required for joinder by N.C. Gen. Stat. § 15A-926(a). No evidence in the record tends to suggest that the trial court abused its discretion in joining the cases for trial. We find no error.

### III.

**[4]** Defendant argues the trial court erred in allowing the State to add the attempted murder charge to the trial calender for the week of 30 June 1997, after the court calendar had been printed. We disagree.

During pretrial motions, the following exchange took place regarding the State's failure to include the attempted murder charge on the trial calender for the week of 30 June 1997:

> MR. CARROLL: Your Honor, before we get too much further into it, I've got an oral motion concerning the case I want to make at some point. It's just an administrative type thing.

> THE COURT: What's your motion?

> MR. CARROLL: We mentioned yesterday, your Honor, that the attempted murder indictment was inadvertently left off the calendar.

> . . .

The case number, your Honor, is 97 Crs 23007. The defendant is charged with attempted murder in that bill of indictment. I had contemplated that that would be on the calendar. It was left off just by clerical error, and I told Mr. Jones the case was going to be on the calendar. I'm sure that he assumed that all the charges would be on there as well. This case number is on all of his motions, and I would ask the Court's permission to allow us to add that to the calendar. At this point, I know you haven't heard the severance motion, but just for the purpose of hearing these motions.

THE COURT: Allowed.

MR. JONES: We'll enter our objection.

Pursuant to N.C. Gen. Stat. § 7A-49.3(a) (1995), the district attorney retains the authority to prepare the calendar of cases for trial. However, N.C. Gen. Stat. § 7A-49.3(c) states that "[n]othing in this section shall be construed to affect the authority of the court in the call of cases for trial." Our Supreme Court has held that "the ultimate authority over managing the trial calendar is retained in the court," even though the statute gives the district attorney the authority to calender cases for trial. *Simeon v. Hardin*, 339 N.C. 358, 376, 451 S.E.2d 858, 870 (1994).

Pursuant to N.C. Gen. Stat. § 7A-49.3(c) and *Simeon*, the trial court correctly exercised its "ultimate authority" in considering the State's request to add the attempted murder charge to the trial calendar. We find no error.

IV.

[5] Defendant argues the trial court erred in denying his motion to prohibit the State from introducing evidence that defendant has AIDS. We disagree.

Defendant filed a pretrial motion on 26 June 1997 requesting that evidence of defendant's HIV status be excluded as unfairly prejudicial. The motion was denied 1 July 1997. The State's theory as to the charges of attempted murder and assault with a deadly weapon was that defendant attempted to murder the victim and assaulted her with a deadly weapon by attempting to infect her with the HIV virus.

Defendant argues that Rules 401 and 403 of the North Carolina Rules of Evidence require evidence of his HIV status be excluded. " 'Relevant evidence' means evidence having any tendency to make

the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C.R. Evid. 401. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]" N.C.R. Evid. 403. The evidence of defendant's HIV status was relevant to the State's charges of attempted murder and assault with a deadly weapon. Although these charges were dismissed at the close of the evidence, they had not been dismissed when the trial court considered the admissibility of the evidence of defendant's HIV status.

Defendant argues that "[o]ur Courts have observed that a person's HIV status is likely to prejudice him in the eyes of the jury." Defendant contends his argument is supported by *State v. Knight*, 340 N.C. 531, 459 S.E.2d 481 (1995) and *State v. Degree*, 114 N.C. App. 385, 442 S.E.2d 323 (1994). In *Knight*, the trial court admitted evidence that the *victim*, not the defendant, was HIV-positive. Defendant argued the trial court erred in refusing to allow him to question prospective jurors during *voir dire* about "whether the victim's HIV-positive status would affect their ability to be fair and impartial." *Knight* at 556, 459 S.E.2d at 497. Our Supreme Court affirmed the trial court's ruling prohibiting *direct* questions about HIV during jury selection. The Court stated that "[t]he possibility of juror prejudice against defendant from the victim's HIV-positive status does not rise to the level of fundamental unfairness in the instant case." *Id.* at 558, 459 S.E.2d at 498.

In *Degree*, defendant was on trial for rape and moved for a mistrial upon learning that an empaneled juror may have learned from a newspaper article that defendant had AIDS. *Degree* at 391, 442 S.E.2d at 326. Our Court found no error in the trial court's denial of defendant's motion for a mistrial and stated that "[i]t was reasonable to conclude that [the juror at issue] did not read the article and had formed no opinion that would jeopardize the defendant's right to a fair trial." *Degree* at 393, 442 S.E.2d at 327.

Defendant's mother and the victim both testified that defendant has AIDS. This testimony was necessary to support the charges of attempted murder and assault with a deadly weapon. The case law cited by defendant provides no guidance to us in determining defendant's argument that the fact that a defendant has AIDS will automatically and unfairly prejudice defendant in the eyes of the jury. The defendant in *Knight* argued that "the issues concerning AIDS . . . are

extremely controversial and arouse the passions and prejudice of many members of our society." *Knight* at 556, 459 S.E.2d at 497. Our Supreme Court rejected this argument, stating that "[t]he possibility of juror prejudice" did not "rise to the level of fundamental unfairness[.]" *Id.* at 558, 459 S.E.2d at 498. Similarly, defendant has failed to show that the admission of the evidence regarding defendant's HIV status was unfairly prejudicial. We find no error.

## V.

**[6]** Defendant argues the trial court erred in instructing the jury that it could use protective handwear to examine defendant's clothes. Defendant contends this suggested to the jury "that the court believed the testimony about the defendant's HIV status." Defendant also argues the trial court's instructions were prejudicial in that they "reinforced the notion that the defendant has AIDS." We disagree.

The trial court instructed the jury as follows:

> THE COURT: All right. Members of the jury, the State has rested. There have been a number of State's Exhibits that have been received into evidence that have not been passed among you for your inspection. However, they had been presented to you during the course of the testimony and during the course of the introduction of those exhibits. If at this time there are any of you who desire to more closely examine those exhibits that have not been passed among you, what I am going to do is to have those exhibits displayed over here on this counter area, and if one or more of you so choose, or all of you, you can come over and take a look at the exhibits. We have rubber gloves, if you choose to put on rubber gloves if you want to handle any of those exhibits.

N.C. Gen. Stat. § 15A-1222 (1997) states that "[t]he judge may not express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury." N.C. Gen. Stat. § 15A-1232 (1997) further provides that "[i]n instructing the jury, the judge shall not express an opinion as to whether or not a fact has been proved and shall not be required to . . . explain the application of the law to the evidence."

There is nothing in the above statement by the trial court which violates either of these statutory provisions. The instructions do not show that the trial court had an opinion as to defendant's HIV status. The exhibits that the trial court gave members of the jury the option to handle included: (1) rape kit specimens of the victim, (2) items of

the victim's clothing, (3) items of defendant's clothing, (4) defendant's bed sheets, and (5) defendant's washcloth. The trial court's instruction giving jurors the option of wearing rubber gloves if they wished to handle these personal items was a proper exercise of "reasonable control" over the presentation of evidence. *See* N.C.R. Evid. 611(a) (stating "[t]he court shall exercise reasonable control over the mode and order of . . . presenting evidence so as to (1) make the . . . presentation effective for the ascertainment of the truth"); *see also State v. Harris*, 315 N.C. 556, 562, 340 S.E.2d 383, 387 (1986) (stating "the manner of the presentation of evidence is a matter resting primarily within the discretion of the trial judge," and "his control of the case will not be disturbed absent a manifest abuse of discretion").

## VI.

**[7]** Defendant argues the trial court erred in allowing the State to introduce evidence that defendant was on house arrest at the time of the offenses.

The victim testified that defendant was on house arrest at the time of the offense. Patrol Officer Karl Wolf testified that the victim told him that defendant was "wearing a band around his ankle, black in color, with a small box on it." Officer Wolf did not use the term "house arrest." Defendant argues that this testimony was irrelevant and should have been excluded under Rule 401 of the North Carolina Rules of Evidence. Defendant also contends the testimony that defendant was on house arrest, even if relevant, was "unfairly prejudicial to the defendant, and should have been excluded under Rule 403 [of the North Carolina Rules of Evidence]." We disagree, and hold that the testimony that defendant was on house arrest was part of the " 'chain of circumstances' " which established "the context of the crime." *See State v. Robertson*, 115 N.C. App. 249, 256-57, 444 S.E.2d 643, 647 (1994) (citation omitted).

The victim testified as to the events during and after the sexual assault as follows:

A: [I]t seemed like forever that he was on top of me. He was moving up and down. Then I screamed. I don't know if he heard a car door slam from one of the neighbors. I'm not really sure what set him off, but he had ran into the bathroom across the hallway, which is right across the hallway.

Q: Could you see him in the bathroom?

A: I saw him run into the bathroom, but he closed the door. I didn't see what he was doing in the bathroom. Then I pulled my pants up, and I looked at the bed . . . [a]nd then I walked—I ran to the door, and I opened the front door and then I put my hand on the, on the storm or sliding door, whatever was right there, the second door. And then he came out and he was washing himself with the maroon wash cloth.

Q: Where was he washing himself?

A: Uh, in his penis area. Then he asked me if I was okay, and I didn't answer him. I—I ran out of their yard. I opened the door and ran out of their yard to across the street, and started running towards the corner, because I had found out earlier he was on house arrest.

MR. JONES: Objection.

THE COURT: Overruled. Go ahead.

A: He had asked me if I was gonna tell anybody while I was running across the street. I didn't say anything. I ran to the corner, because I knew he couldn't go past the corner with the ankle bracelet he had on his ankle. And after I got towards the corner, I walked home, walked the rest of the way.

In *Robertson*, our Court found no error in the trial court's admission of defendant's statement to the victim that "he was going to hurt [her] like h'e hurt [another individual]." *Robertson* at 257, 444 S.E.2d at 648. This statement implicated defendant in another assault in which defendant had been acquitted. We held that the statement "formed an 'integral and natural part' of the victim's account of the crime and was 'necessary to complete the story of the crime for the jury.'" *Id.* (citation omitted). *See also State v. Rose*, 339 N.C. 172, 189-90, 451 S.E.2d 211, 220-21 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d. 818 (1995) (holding no error in admission of evidence that defendant had previously escaped from prison and committed thefts, because this evidence was part of "chain-of-events evidence" leading to the current murder charge). In *State v. Agee*, 326 N.C. 542, 391 S.E.2d 171 (1990), our Supreme Court found no error by the trial court when it admitted evidence of marijuana possession when defendant was arrested on other drug charges. Defendant was later found not guilty of the marijuana possession charges. Our Supreme Court held that defendant's possession of marijuana constituted a

link in the "chain of circumstances" of the drug offenses. *Id.* at 548, 391 S.E.2d at 174. The Court stated:

> [A]dmission of evidence of a criminal defendant's prior bad acts, received to establish the circumstances of the crime on trial by describing its immediate context, has been approved in many other jurisdictions following adoption of the Rules of Evidence. This exception is known variously as the "same transaction" rule, the "complete story" exception, and the "course of conduct" exception. Such evidence is admissible if it " 'forms part of the history of the event or serves to enhance the natural development of the facts.' "

*Id.* at 547, 391 S.E.2d at 174 (citations omitted).

The evidence that defendant was on "house arrest" was relevant to the victim's account of the crime and "serve[d] to enhance the natural development of the facts." *Id.* The evidence was not unfairly prejudicial to defendant because the State neither presented evidence nor argued that defendant had been convicted of a prior crime; and further, the testimony was not used "to prove the character of [defendant] in order to show that he acted in conformity therewith[,]" which is prohibited, subject to exceptions, by Rule 404(b). N.C.R. Evid. 404(b).

The trial court did not err.

No error.

Judges JOHN and WALKER concur.