STATE OF NORTH CAROLINA v. GARRY LEWIS BECKHAM

No. COA00-951

(Filed 17 July 2001)

**1. Evidence— prior crimes or acts—sexual acts—remoteness—intent and absence of accident**

The trial court did not abuse its discretion in a first-degree statutory rape and taking indecent liberties case by admitting the testimony of two of the State's witnesses concerning defendant's prior sexual acts with minor females some twelve and fourteen years prior to these incidents, because: (1) the evidence was admissible under N.C.G.S. § 8C-1, Rule 404(b) to show defendant's intent and the absence of any alleged accident; (2) the lapse of time in this case since the prior sexual acts does not sufficiently diminish the striking similarities between the acts and goes to the weight of the evidence rather than to its admissibility; and (3) the trial court concluded defendant's prior sexual acts were not so remote in time as to be more prejudicial than probative under N.C.G.S. § 8C-1, Rule 403.

**2. Evidence— prior crimes or acts—sexual acts—common intent, scheme and design, and opportunity**

The trial court did not abuse its discretion in a first-degree statutory rape and taking indecent liberties case by admitting the testimony of two of the victims concerning defendant's prior sexual acts, because: (1) the testimony was relevant to show common intent, scheme and design, and opportunity insofar as they involved incidents of a sexual nature with children; and (2) the statements by both children indicated the incidents occurred no more than two years prior to the incident in April 1998.

**3. Criminal Law— mental capacity of defendant—sufficiency of evidence**

The trial court did not err in a first-degree statutory rape and taking indecent liberties case by allegedly failing to take appro-

priate measures sua sponte to evaluate defendant's mental state and capacity under N.C.G.S. § 15A-1002(a), because there was insufficient evidence before the trial court indicating defendant's mental incompetence.

**4. Constitutional Law— effective assistance of counsel—failure to move for severance of charges—failure to take measures regarding defendant's mental state and capacity**

A defendant was not denied the effective assistance of counsel based on his counsel's alleged failure to move for a severance of the indecent liberties and rape charges and failure to take appropriate measures regarding defendant's mental state and capacity to proceed, because: (1) defendant has failed to show how he was prejudiced when the charges had a transactional connection; and (2) there was insufficient evidence at trial of defendant's incompetency.

Appeal by defendant from judgments entered 30 September 1999 by Judge Timothy S. Kincaid in Superior Court, Alexander County. Heard in the Court of Appeals 23 May 2001.

*Attorney General Michael F. Easley, by Assistant Attorney General Sarah Ann Lannom, for the State.*

*Homesley, Jones, Gaines, Homesley & Dudley, by L. Ragan Dudley, for the defendant-appellant.*

WYNN, Judge.

Defendant appeals from his convictions for two counts of taking indecent liberties with a child under N.C. Gen. Stat. § 14-202.1 (1999), and one count of first degree statutory rape of a female child under thirteen years of age under N.C. Gen. Stat. § 14-27.2(a)(1) (1999). We find no prejudicial error.

The evidence presented by the State tends to show that while his friends, a husband and wife, left town for a wedding, defendant stayed at their residence with their two minor children, and with an acquaintance of theirs, a thirteen-year old female friend.

One evening while defendant and the children watched a movie, defendant masturbated in front of the children. Later that evening, after the children had gone to bed, defendant allegedly raped the thirteen-year old female friend. Following indictment and trial, defendant was convicted of two counts of taking indecent liberties

with each of his friends' children, and the statutory rape of the thirteen-year old female friend.

[1] Defendant appeals from these convictions arguing first that the trial court committed reversible error by admitting the testimony of two of the State's witnesses. At trial, the State called two female witnesses to testify regarding certain prior acts of the defendant under N.C. Gen. Stat. § 8C-1, Rule 404(b) (1999). Upon defendant's objection, the trial court conducted *voir dire* examinations of the proposed witnesses and heard arguments from counsel. The trial court then overruled defendant's objections and allowed both witnesses to testify before the jury.

The first female witness testified on *voir dire* that she had been good friends with defendant's daughter when they were in elementary school. She would visit defendant's daughter and often stayed overnight at defendant's house. She testified that defendant would frequently expose his genitals and play with his penis in front of her and his daughter. She recalled that defendant exposed himself and masturbated in front of her in 1983 or 1984.

In her *voir dire* testimony, the second female witness testified she was also a good childhood friend of defendant's daughter and stayed overnight at defendant's house on occasion. She testified that defendant frequently exposed himself to the children, and on one occasion in May 1986, defendant entered the room where she and his daughter were sleeping, sat on the edge of her bed, picked up her hand and began "playing with himself."

Evidence of other bad acts is inadmissible under Rule 404(b) if its sole purpose is "to prove the character of a person in order to show that he acted in conformity therewith." N.C. Gen. Stat. § 8C-1, Rule 404(b). Thus, even if evidence tends to show a defendant's propensity to commit bad acts, such evidence is nonetheless admissible under Rule 404(b) if it is relevant for some other purpose, such as to show, for example, opportunity, intent, knowledge, identity, or absence of mistake or accident. *See id.* The State contends that the challenged evidence was relevant to show defendant's intent and the absence of any alleged accident. "When prior incidents are offered for a proper purpose, the ultimate test of admissibility is whether they are sufficiently similar and not so remote as to run afoul of the balancing test between probative value and prejudicial effect set out in Rule 403." *State v. West*, 103 N.C. App. 1, 9, 404 S.E.2d 191, 197 (1991); *see* N.C. Gen. Stat. § 8C-1, Rule 403 (1999).

The gravamen of the offense of taking indecent liberties under N.C. Gen. Stat. § 14-202.1(a)(1) is the defendant's purpose in undertaking the prohibited act. *State v. Hartness*, 326 N.C. 561, 567, 391 S.E.2d 177, 180 (1990); N.C. Gen. Stat. § 14-202.1(a)(1) (providing that the prohibited acts must have been undertaken, or attempted, "for the purpose of arousing or gratifying sexual desire"). A defendant's purpose in performing an act, like intent, is a mental attitude, and is rarely demonstrable by direct evidence; ordinarily it must be inferred. *State v. Jones*, 89 N.C. App. 584, 598, 367 S.E.2d 139, 147 (1988), *overruled on other grounds, State v. Hinnant*, 351 N.C. 277, 523 S.E.2d 663 (2000); *West*, 103 N.C. App. at 9, 404 S.E.2d at 197. As prior similar acts are admissible to show intent, so may they be admitted to show a defendant's purpose under N.C. Gen. Stat. § 14-202.1(a)(1). *See West*, 103 N.C. App. at 9, 404 S.E.2d at 197. Thus, the evidence of prior sexual acts by defendant was offered for a proper purpose under Rule 404(b).

Defendant contends, however, that the testimony by the two female witnesses in this case referred to incidents that were too remote and thus ran afoul of the balancing test in Rule 403. N.C. Gen. Stat. § 8C-1, Rule 403; *see West*. The first female witness's testimony concerned alleged prior acts of defendant occurring in 1983 or 1984, at least fourteen years earlier than the acts occurring in April 1998 for which defendant was on trial. The second female witness's testimony concerned acts occurring some twelve years prior to the alleged incidents in April 1998.

While the period of elapsed time since the prior sexual acts is an important part of the Rule 403 balancing process, and the passage of time may slowly erode the commonalities between the prior acts and the acts currently charged, the lapse of time in this case does not sufficiently diminish the striking similarities between the acts. *See State v. Roberson*, 93 N.C. App. 83, 85, 376 S.E.2d 486, 487-88, *disc. review denied*, 324 N.C. 435, 379 S.E.2d 247 (1989) (involving nearly five-year lapse of time between sexual acts); *State v. Frazier*, 121 N.C. App. 1, 464 S.E.2d 490 (1995), *aff'd*, 344 N.C. 611, 476 S.E.2d 297 (1996); *State v. Blackwell*, 133 N.C. App. 31, 514 S.E.2d 116, *cert. denied*, 350 N.C. 595, 537 S.E.2d 483 (1999). Furthermore, "remoteness is less significant when the prior conduct is used to show intent, motive, knowledge, or lack of accident." *State v. Hipps*, 348 N.C. 377, 405, 501 S.E.2d 625, 642 (1998), *cert. denied*, 525 U.S. 1180, 143 L. Ed. 2d 114 (1999). Accordingly, we conclude that the lapse of time between the defendant's sexual acts in the instant case goes to the weight of the evidence, not to its admissibility. *See id.*

Nonetheless, defendant, relying heavily upon *State v. Jones*, 322 N.C. 585, 369 S.E.2d 822 (1988) and *State v. Jacob*, 113 N.C. App. 605, 439 S.E.2d 812 (1994), contends that this Court and our Supreme Court have consistently ruled "that the trial courts of North Carolina [must] make specific and meaningful findings regarding remoteness." In *Jacob*, this Court stated that "[t]he trial court [in *Jones*, 322 N.C. 585, 369 S.E.2d 822] failed to make specific findings indicating the significance of the remoteness factor, and the omission was found to be error." *Jacob*, 113 N.C. App. at 610, 439 S.E.2d at 815. In contrast, the transcript in the case at bar clearly indicates that the trial court carefully considered the remoteness factor, concluding that defendant's prior sexual acts were "not so remote in time as to be more prejudicial than probative for the purpose of proving . . . absence of mistake or intent." As the transcript evidences the trial court's careful consideration of the remoteness factor, defendant's argument is without merit.

Defendant also contends that the testimony of the two female witnesses, while it may have been admissible in connection with the indecent liberties charges, was inadmissible under Rule 403 with respect to the rape charge as it was not sufficiently similar for its probative value to outweigh any prejudice. We disagree.

In ruling on the admissibility of the testimony of the two female witnesses, the trial court recognized that their testimony was not corroborative of or similar to the testimony offered by the thirteen-year old alleged victim in this case relating to the rape charge, "insofar as actual penetration is concerned." We note that defendant did not oppose the State's motion to join the cases for trial and voiced no objection to the trial court's limiting instructions following the testimony by the two female witnesses. We, therefore, conclude that the trial court did not abuse its discretion in admitting the testimony by the two female witnesses regarding defendant's prior sexual acts. *See Hipps*, 348 N.C. at 405-06, 501 S.E.2d at 642 ("[t]he determination of whether relevant evidence should be excluded under Rule 403 is a matter that is left in the sound discretion of the trial court, and the trial court can be reversed only upon a showing of abuse of discretion").

[2] Defendant next contends that the trial court erred by admitting testimony by his friends' two children—a minor male and female—regarding prior acts of defendant. Both children testified that defendant frequently "played with himself" and masturbated in their

presence, often when their mother, who worked nights, was asleep and their father was out working. Furthermore, the two children testified that defendant had asked them on occasion to touch his penis and told them not to say anything of these incidents or they would get in trouble and he would go to jail. One of the children stated during *voir dire* examination that he did not remember when defendant began masturbating in front of him but was unwavering in his testimony that defendant had done so numerous times.

Defendant argues that these prior acts were in no way similar to the alleged rape of the thirteen-year old alleged female victim, and "were only relevant to the indecent liberties charges." He argues further that these prior acts, when viewed as a whole, were not sufficiently similar and were too remote in time, such that their probativity did not outweigh their prejudice to defendant under Rule 403. The trial court concluded that the testimony was relevant and admissible as to the rape charge as well as the indecent liberties charges "to show common intent, scheme and design" and opportunity insofar as they involved incidents of a sexual nature with children. Defendant emphasizes that the two children of his friends could not remember the precise dates and times when defendant performed the prior acts. However, statements by both children indicated that the incidents to which they were testifying occurred no more than two years prior to the incident in April 1998. Under the circumstances, we conclude that the trial court did not abuse its discretion in permitting the testimony by the two children as to defendant's prior sexual acts in their presence.

**[3]** Next, defendant asserts that the trial court erred by failing to take appropriate measures *sua sponte* to evaluate defendant's mental state and capacity. Defendant also argues that the trial court erred in denying his motion for appropriate relief, which raised this same argument. We find no error.

N.C. Gen. Stat. § 15A-1001 (1999) provides:

No person may be tried, convicted, sentenced, or punished for a crime when by reason of mental illness or defect he is unable to understand the nature and object of the proceedings against him, to comprehend his own situation in reference to the proceedings, or to assist in his defense in a rational or reasonable manner.

Under N.C. Gen. Stat. § 15A-1002(a) (1999), the question of a defendant's capacity to proceed *may* be raised on motion by the trial court.

In *State v. Heptinstall*, 309 N.C. 231, 306 S.E.2d 109 (1983), our Supreme Court recognized that "circumstances *could* exist where the trial court has a constitutional duty to make such an inquiry." *Id.* at 235-36, 306 S.E.2d at 112 (emphasis added) (citing *State v. Young*, 291 N.C. 562, 231 S.E.2d 577 (1977)).

However, *Young* stated that " '[A] trial court has a constitutional duty to institute, *sua sponte*, a competency hearing *if there is substantial evidence before the court* indicating that the accused may be mentally incompetent.' " 291 N.C. at 568, 231 S.E.2d at 581 (quoting *Crenshaw v. Wolff*, 504 F.2d 377 (8th Cir. 1974), *cert. denied*, 420 U.S. 966, 43 L. Ed. 2d 445 (1975)). Upon careful review of the record, we conclude that there was insufficient evidence before the trial court in the instant case indicating defendant's mental incompetence, and the trial court was, therefore, under no constitutional duty to institute a competency hearing *sua sponte* under G.S. § 15A-1002(a). We conclude further that the trial court committed no error in denying defendant's motion for appropriate relief on this basis.

[4] Defendant next contends that he was denied the effective assistance of counsel, based on his trial counsel's failure to move for a severance of the indecent liberties and rape charges, and his failure to take appropriate measures regarding defendant's mental state and capacity to proceed. We disagree.

A defendant's constitutionally-guaranteed right to counsel includes the right to the effective assistance of counsel. *See State v. Grooms*, 353 N.C. 50, 540 S.E.2d 713 (2000). To establish a claim for ineffective assistance of counsel, a defendant must show that his counsel's assistance was deficient under the circumstances, and that such deficiencies prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674 (1984); *State v. Braswell*, 312 N.C. 553, 324 S.E.2d 241 (1985); *Grooms*, 353 N.C. at 64-65, 540 S.E.2d at 722-23.

Defendant has failed to satisfy this test in the instant case. Assuming *arguendo* that defendant's counsel erred by failing to oppose the State's motion to join the charges against defendant for trial or by failing to move for a severance of the charges under N.C. Gen. Stat. § 15A-927 (1999), defendant has failed to show that he was prejudiced thereby. N.C. Gen. Stat. § 15A-926 (1999) permits the joinder of offenses within the discretion of the trial court, and such joinder will only be disturbed on appeal where defendant demonstrates that joinder denied him a fair trial. *See State v. Wilson*, 108 N.C. App.

575, 424 S.E.2d 454, *appeal dismissed, disc. review denied,* 333 N.C. 541, 429 S.E.2d 562 (1993).

The trial court's consolidation of charges with a transactional connection will only be disturbed upon a showing of an abuse of discretion. *See State v. Monk,* 132 N.C. App. 248, 511 S.E.2d 332, *appeal dismissed, disc. review denied,* 350 N.C. 845, 539 S.E.2d 1 (1999). Our courts have previously held in various circumstances that it was not error for the trial court to consolidate multiple sexual offense charges against a defendant where such offenses were transactionally connected. *See State v. Swann,* 322 N.C. 666, 370 S.E.2d 533 (1988) (holding that trial court's consolidation for trial of four sexual offenses allegedly occurring in two episodes a week apart was not error); *State v. Bruce,* 90 N.C. App. 547, 369 S.E.2d 95, *disc. review denied,* 323 N.C. 367, 373 S.E.2d 549 (1988) (trial court's consolidation of four sexual offenses for trial was not error where all charges involved acts of sexual abuse by defendant under similar circumstances); *see also Monk,* 132 N.C. App. at 254-55, 511 S.E.2d at 336.

"A defendant is not prejudiced by the joinder of two crimes unless the charges are 'so separate in time and place and so distinct in circumstances as to render the consolidation unjust and prejudicial to defendant.' " *State v. Howie,* 116 N.C. App. 609, 615, 448 S.E.2d 867, 871 (1994) (citations omitted). We cannot conclude in the instant case that the two counts of taking indecent liberties and the single count of statutory rape were sufficiently separate and distinct circumstantially to render their consolidation prejudicial to defendant. Furthermore, as it was not error for the trial court to consolidate the charges, we cannot find error in defendant's counsel's decision not to argue for the severance of such charges. This assignment of error is without merit.

As to defendant's argument that he was denied the effective assistance of counsel by his counsel's failure to demand a hearing on defendant's competency, we note, as above, that there was insufficient evidence at trial of defendant's incompetency. Indeed, defendant's counsel testified at the hearing on defendant's motion for appropriate relief that defendant was very intelligent, comprehended the charges and proceedings against him, and effectively assisted counsel in defending him. *See* N.C. Gen. Stat. § 15A-1001. Defendant has therefore failed to show that his counsel was deficient in failing to demand a competency hearing. *See id.* Defendant's remaining assignments of error are without merit.

No error.

Judges CAMPBELL and BIGGS concur.