STATE OF NORTH CAROLINA
v.
KENNETH A. LYVERS
No. COA07-1400
Court of Appeals of North Carolina
Filed June 17, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Floyd M. Lewis, for the State.
Terry F. Rose for defendant appellant.
McCULLOUGH, Judge.
Kenneth A. Lyvers ("defendant") appeals from the judgment which revoked his probation and activated his suspended sentence. For the reasons stated below, we affirm.
On 1 June 2006, defendant pled guilty to felonious breaking and entering and to felonious larceny. The trial court imposed a sentence of eight to ten months' imprisonment, then suspended the sentence and placed defendant on supervised probation for twenty-four months. In addition to the regular conditions of probation, the trial court ordered defendant to pay restitution in the amount of $3,322.00.
On 9 May 2007, a probation officer filed a violation report which alleged that defendant had committed two violations of the conditions of his probation. The report alleged that defendant had been convicted of misdemeanor larceny on 11 April 2007 and of felonious breaking and entering on 5 April 2007, and that he had received active sentences of 120 days and of eight to ten months for the respective convictions. At the probation violation hearing on 23 July 2007, defendant admitted both the violations and the willfulness of them.
After a probation officer provided the trial court with a summary of defendant's two recent convictions and the sentences imposed, defense counsel requested that the trial court allow the activated sentence to run concurrently to those sentences. When the trial court asked whether any of the $3,322.00 in restitution had been paid by defendant, the probation officer responded, "Not to my knowledge; it has not." The trial court subsequently found defendant to be in willful violation without lawful excuse of the conditions alleged in the violation report and terminated defendant's probation. Upon activating the suspended sentence, the trial court ordered that the sentence was
to run at the expiration of a sentence that you are currently obligated to serve in the Department of Correction. To do otherwise, particularly given the fact that you have paid no restitution to the victim, would be to simply treat this as zero, as just no repercussion whatsoever for violating the law and not adhering to the terms and conditions of your probation.
From the trial court's judgment, defendant appeals.
Defendant contends the trial court abused its discretion by directing that the activated sentence was to run at the expiration of a current term of imprisonment which defendant was serving. He argues that imposing a consecutive sentence added little value to the goal of deterring future criminal activity or of allowing him to compensate the victim. Because the trial court did not inquire as to why defendant had not paid any restitution, defendant asserts the trial court was "making decisions based upon assumptions and such can lead to an abuse of discretion." Defendant's argument is not persuasive.
Pursuant to N.C. Gen. Stat. § 15A-1344(d) (2007), "[a] sentence activated upon revocation of probation . . . runs concurrently with any other period of probation, parole, or imprisonment to which the defendant is subject during that period unless the revoking judge specifies that it is to run consecutively with the other period." It is "within the authority and discretion of the judge revoking defendant's probation to run the sentence either concurrently or consecutively." State v. Campbell, 90 N.C. App. 761, 763, 370 S.E.2d 79, 80 (1988),appeal dismissed, disc. review denied, 323 N.C. 367, 373 S.E.2d 550 (1988). Defendant here admitted violating two conditions of his probation as a result of committing misdemeanor larceny and felonious breaking and entering while on probation, and he did not challenge the probation officer's testimony that he had not paid any restitution to the victim. After activating the sentence and ordering that it was to be served consecutively, the trial court explained that allowing defendant's sentence to be served concurrently would result in "no repercussion whatsoever for violating the law and not adhering to the terms and conditions of your probation." It is apparent that the trial court exercised its discretion and imposed the punishment it believed was appropriate. This assignment of error is overruled.
Affirmed.
Judges HUNTER and STEELMAN concur.
Report per Rule 30(e).